## JONES ET UX. v. MARCY ET AL.

1. **Practice:** DEMURRER. By pleading over, after the overruling of a demurrer, the party so pleading waives any error in the ruling.

2. ———: PLEADING: EVIDENCE. Evidence cannot be excluded on the ground that plaintiff is not entitled to the relief asked, or because the pleadings are defective.

3. **Statute of Frauds:** VERBAL LEASE. The statute of frauds applies to the duration of the term of a lease, and not to the time at which possession of the premises commences.

*Appeal from Jefferson Circuit Court.*

THURSDAY, SEPTEMBER 19.

ACTION in chancery to set aside a sheriff's sale of land and the deed made thereon. One of the defendants, in his answer, which is in the nature of a cross-petition, asked that his title, based upon the sheriff's deed, be quieted. Plaintiffs' petition was, upon a trial on the merits, dismissed, and the relief asked in defendants' cross-petition was granted. Plaintiffs appeal.

Jones v. Marcy.

*Slagle, Acheson & McCracken,* with *O. D. Jones,* for appellants.

*Culberson & Jones,* for appellees.

BECK, J.—I. The action was not set down for trial upon written evidence as prescribed by Code, § 2742, and is, there-

1. PRACTICE: demurrer.
fore, not triable *de novo* in this court. This seems to be conceded by plaintiffs, who submit the cause to us upon an assignment of errors presenting ten objections to the rulings and judgment of the court below. Seven of these objections may be disposed of upon the ground that no exceptions were taken in the court below to the rulings made the subject of objection. Of this number one based upon the overruling of a demurrer by plaintiff, to defendants' cross-petition cannot be considered, for the additional reason that plaintiffs, after the ruling, answered the pleading assailed by their demurrer.

II. Plaintiffs made objections to the introduction of evidence in support of a paragraph of defendants' answer, being

2. ——: pleading: evidence.
that portion which is in the nature of a cross-petition. The objection was overruled, and to this ruling defendants excepted. The objections are substantially the same presented in the demurrer, and others which deny the right of defendants to the relief asked, or are based upon defects in his pleading. Questions of this character cannot be raised upon objections to evidence.

III. The land conveyed by the sheriff's deeds constituted plaintiffs' homestead. The defendant introduced evidence tending to show that after the sale the husband entered into a verbal lease of the premises, agreeing to pay rent therefor to defendant. This evidence was objected to by plaintiffs "on the ground," using the language of the abstract, "that it was a verbal lease, not in writing, signed and concurred in by the husband and wife." The exception is based upon a misapprehension of the facts. The evidence tended to show that

plaintiff leased the premises *from* defendant, not to him. Surely it cannot be claimed that a husband cannot enter into a contract of lease, whereby he becomes a tenant of premises, without the concurrence of his wife. It may be that he cannot lease his homestead to be occupied by another without the assent of his wife, but that question is not in this case.

IV.   Plaintiffs insist that as the verbal lease was not to be performed within one year it is within the statute of frauds,

3. STATUTE of frauds: verbal lease. and was, therefore, erroneously admitted in evidence. We may concede that the objection was raised by the exception just stated. But the question here raised has been decided by this court. It was held in *Sobey v. Brisbee*, 20 Iowa, 105, that the statute of frauds applied to the duration of the term of a lease, and not to the time at which possession of the premises was to be taken. Hence, a lease for one year, to commence at a future day, is not within the statute. The rule must be followed in this case.

V.   Plaintiffs entered an exception to the decree, and now insist that it is not supported by the evidence. It is sufficient to say upon this point that the abstract fails to show that we have all the evidence before us.

The judgment of the Circuit Court must be

AFFIRMED.