### THE STATE, FRANK SHAW, PROSECUTOR, v. GEORGE SCHIETINGER.

A landlord, on January 16th, 1888, rented a house on monthly payments. He sold the house on April 1st, following. The tenant subsequently paid his rent monthly to the assignee of the reversion. The assignee gave a month's notice to the tenant to quit on October 16th, 1888. *Held*, that the payment of rent to the assignee was not the beginning of a new tenancy so that the provisions of "An act regulating lettings where no definite term is fixed" (*Pamph. L.* 1888, *p.* 496), applies to it. *Held*, that the month's notice was sufficient.

---

On *certiorari*.

This writ brings up a judgment of the District Court of the city of Camden, dispossessing the prosecutor from rented premises.

Argued at November Term, 1888, before Justices SCUDDER and REED.

For the prosecutor, *Alfred Hugg.*

For the defendant, *Thomas E. French.*

The opinion of the court was delivered by

REED, J.  The affidavits upon which the summons in the cause were issued showed that Frank Shaw entered into possession of the premises in question (which were then the property of one Spuhler) on the 16th of January, 1888.

The premises were rented at the monthly rent of $15. There was no express agreement in regard to the terms of holding.  This arrangement made the tenure a monthly tenancy.  *Steffens* v. *Earl,* 11 *Vroom* 128.

Afterwards, on April 1st, 1888, the reversion in the property was sold by Spuhler to Schietinger, to the agent of whom Shaw afterwards paid the monthly rent up to October 16th, 1888.

On September 14th, 1888, Schietinger gave a notice to Shaw to quit on the 16th of October next.  It is upon the sufficiency of that notice for the purpose of determining the tenure of Shaw, that the judgment in the proceedings rests.

The insistence of the counsel for the landlord being that it continued a monthly tenancy, and that a month's notice was sufficient to terminate it.  It was undoubtedly a monthly tenancy, and remained so during the time the reversion was in the hands of the original lessor as well as during the time it was in his grantee of the reversion.

The question arises whether his occupancy of the rented premises is to be regarded as a single continuing one from the 16th of January, 1888, or whether when after the sale of the property to Schietinger the tenant paid rent to the agent of

the latter, such payments marked the beginning of a new tenancy. The importance of this question will be apparent in glancing at the provisions of the·statute, upon the terms of which the tenant relies in insisting that the notice was insufficient. It is an act entitled "An act regulating lettings in cases where no definite term is fixed," passed in 1884, as amended in 1888. *Pamph. L., p.* 426. It is provided that in any letting where no term is agreed upon, and the rent is payable monthly, so long as the tenant pays the rent as agreed, it shall be unlawful for the landlord to dispossess the tenant before the 1st day of April succeeding the commencement of such letting, without giving the tenant three months' notice in writing to quit.

This declaration of the act is subject to some exceptions, which are of no importance in the present case. In scrutinizing the terms of this curious act, it appears that a tenant holding under a monthly term is entitled to a three months' notice to quit, if he is dispossessed before the 1st day of April succeeding the commencement of such letting. But as to the right to dispossess him on the 1st day of April after the letting, or at the end of any month succeeding such 1st day of April, the statute is entirely silent. If, therefore, the tenancy commenced on the 1st day of April, 1888, no dispossession could be effected before April, 1889, without a three months' notice. If, however, the tenancy commenced on the 16th day of January, 1888, the terms of the statute would not apply at any time subsequent to April 1st, 1888. I regard the tenancy as a continuing one from month to month from the time the tenant entered into possession. The act of paying rent to the purchaser of the reversion does not create a new tenancy, but is merely a recognition of the old tenancy. *Austin* v. *Ahern*, 61 *N. Y.* 6.

The terms of the act invoked are not applicable to the condition of fact existing in the present case. The rule, therefore, that a month's notice is sufficient to terminate a monthly tenancy applies and validates the notice given.

The judgment below is affirmed.