KARSEL FINKELSTEIN v. MATTHEW HERSON.

1. By the common law, whenever a notice to quit is necessary to deter-
   mine a tenancy, and a day is named in the notice, it must be the day
   of, or corresponding to the day of, the conclusion of the tenancy; and
   a notice to quit at any other period sooner or later will be insufficient.
2. The supplement to an act entitled "An act regulating lettings in cases
   where no definite term is fixed" (*Pamph. L.* 1888, *p.* 426), does not
   apply where the letting is for a definite term, for "one month and a
   monthly term thereafter." The monthly term commenced on the 10th
   of November; a notice to quit on the 1st day of April following is
   insufficient.

On *certiorari* in a landlord and tenant case.

This writ brings up the judgment and proceeding of a
justice of the peace dispossessing the prosecutor from rented
premises. .

Argued at November Term, 1892, before Justices DEPUE,
REED and WERTS.

For the plaintiff in *certiorari, Abner Kalisch.*

The opinion of the court was delivered by

DEPUE, J.   This is a controversy between landlord and tenant.   The landlord's affidavit on which the proceedings to remove the tenant were founded sets out that the tenant, who is the plaintiff in *certiorari*, was in the occupation and possession of the premises under an agreement made on the 10th of November, 1890, whereby he "let and rented said premises to said Karsel Finkelstein for the term of one month, and month to month thereafter, from the 10th of November, 1890, at the monthly rent of twenty-five dollars payable in advance."   A notice to quit, in writing, was served on the tenant personally on the 24th of December, 1890, requiring him to quit and deliver up possession on the 1st day of April then next.   The sufficiency of the notice to quit is the only question raised in this case.

By the common law, whenever a notice to quit is necessary to determine the tenancy, and a day is named in the notice, it must be the day of, or corresponding to the day of, the conclusion of the tenancy; and a notice to quit at any other period sooner or later will be insufficient.   2 *Tayl. Land. & T.*, §§ 475, 477; 4 *Kent Com.* 113; *Woodf. Land. & T.* 229; *Den* v. *Drake*, 2 *Gr.* 528.   The common law rules with respect to notices to quit have not been changed in this state, except that instead of six months' notice, which was the common law rule, by statute three months' notice is now sufficient.   *Rev., p.* 576, § 27.   In *Steffens* v. *Earl*, 11 *Vroom* 128, this court decided that in monthly tenancies a month's notice to quit was sufficient, but that the notice must be to quit at the end of one of the recurring periods of the holding; that is, if the monthly tenancy commenced on the first day of a month, the notice to quit, to be legal, must be for the first day of the succeeding month in which the landlord required the tenant to yield up possession.   The tenancy in this case began on the 10th day of September, and the notice

was to quit on the 1st day of the following April.   Under·
Steffens *v.* Earl the notice was in that respect insufficient.

In 1884 an act was passed entitled "An act regulating let-
tings in cases where no definite term is fixed."   *Pamph. L.,*
*p.* 178.   This act was amended in 1888 by a supplement
which did not alter the original act in any respect material to·
this case.   *Pamph. L., p.* 426.   This statute provides that
"in any letting where no term is agreed upon, and the rent is·
payable monthly, so long as the tenant pays the rent as agreed,.
it shall be unlawful to dispossess a tenant before the first day
of April succeeding the commencement of such letting with-
out giving the tenant three months' notice in writing to quit."·
This statute was characterized as a "curious act" by Mr.
Justice Reed in *Shaw* v. *Schietinger,* 22 *Vroom* 152.   I will·
leave the construction of this act to a future occasion.   The·
inquiry at this time will be whether it applies to this case.
The object of the act as expressed in its title is to regulate·
lettings "where no definite term is fixed;" and the enacting
clause limits its operation and effect to "any letting where·
no term is agreed upon and the rent is payable monthly."
The act applies only to those indefinite tenancies in which no·
term is expressed.   In the case in hand the letting was "for
the term of one month and month to month thereafter from
the 10th day of November, 1890."   The demise was for a
definite term for one month and a monthly term thereafter.

The act of 1888 does not apply to this case, and the right·
of the landlord in effecting the removal of the tenant is con-
trolled by the decision in Steffens *v.* Earl.   The tenancy com--
menced on the 10th of November.   To terminate the tenancy
by a notice to quit, the notice must require possession on the·
corresponding day in a succeeding month.   A notice to quit·
on the first day of the month was not sufficient.

The judgment must be reversed.