THE STATE, JOSEPH WATERS, PROSECUTOR, v. JOHN G. WILLIAMSON.

1. An affidavit "that the tenant is in possession of the demised premises, and that he has held and occupied the same from on or about the first day of April, 1892, as tenant of deponent, and without any special agreement for the termination of the said possession, the said tenant paying the deponent the rent of seventeen dollars therefor monthly up until the time of default," does not show an agreement to pay the rent monthly, whereby the tenancy may become a monthly tenancy.

2. A notice to quit at any period sooner or later than the conclusion of the tenancy will not avail the landlord.

3. A statement that the monthly tenancy commenced on or about the 1st day of April, 1892, is indefinite, and therefore a notice to quit on the 1st day of April, 1896, is insufficient.

On *certiorari* in matter of landlord and tenant.

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *David Spiro.*

For the defendant, *Frederick E. S. Hodge.*

The opinion of the court was delivered by

VAN SYCKEL, J.    Proceedings commenced in the First District Court of Newark, under the summary provisions of the Landlord and Tenant act, are the subject of review in this case.

The prosecutor denies that the District Court had jurisdiction of the case.

The affidavit of the landlord, upon which the proceedings are founded, alleges "that Joseph Waters is in possession of the demised premises, and that he has held and occupied the same from on or about the first day of April, 1892, as tenant of deponent, and without any special agreement between them for the termination of the said possession, the said Joseph Waters paying to deponent the rent of seventeen dollars therefor monthly up until the time of default."

Notice was served on the tenant on the 14th day of February, 1896, to quit the premises on the 1st day of April then next.

The landlord claims that this was a tenancy from month to month, and that, therefore, the tenant was bound to comply with the notice to quit.

There is nothing in the affidavit to show that the tenant agreed to pay the rent monthly or that he was under any legal obligation to do so.

The statement, "the said Joseph Waters paying to deponent the rent of seventeen dollars therefor monthly up until the time of default," is simply a statement of the fact that he did so, not that he contracted to do so.    There is no assertion of an agreement to pay monthly, in the allegation that he

paid monthly, until he made default in payment. If the tenant had expressly agreed that he would pay monthly until he made default, his default would not constitute a breach of his lease.

The affidavit therefore shows that the tenant went into possession in 1892, without any agreement as to the duration of the term, and without any agreement as to the time when the rent was to be paid, and that he has occupied the premises since that date.

This constituted a tenancy from year to year, and entitled the tenant to three months' notice to quit.

The cases of *Steffens* v. *Earl,* 11 *Vroom* 128, and *Shaw* v. *Schietinger,* 22 *Id.* 152, relied upon by the landlord to constitute this a monthly tenancy, are not parallel.

In the former case, the affidavit stated expressly that the premises were leased by the month, at the monthly rent of $10.

In the latter case, the contents of the affidavit do not appear in the report, but, in the opinion of the court, it is stated that the premises were rented at the monthly rent of $15. From this contract to pay monthly, the inference was drawn that the tenure was a monthly tenancy.

But if the tenancy is regarded as a monthly tenancy, the District Court was without jurisdiction.

The affidavit states that the tenancy commenced on or about the 1st day of April, 1892. That is an indefinite statement of the time when the monthly tenancy expired.

Notice to quit was for April 1st, 1896. Such notice was insufficient in the absence of proof that the monthly tenancy expired on that day.

A notice to quit at any period sooner or later than the conclusion of the tenancy will not avail.

To give the court below jurisdiction, it was necessary for the landlord to make proof that the tenancy had certainly expired at the time possession was demanded. *Finkelstein* v. *Herson,* 26 *Vroom* 217.

For the reason that the District Court was without jurisdiction, the judgment below must be set aside, with costs.

The defendant relies upon *Stiers* v. *Stiers, Spenc.* 52, for his contention that plaintiff in *certiorari* is not entitled to costs.

Since that case was decided, the eighth section of the *Certiorari* act was passed, giving to this court discretion to allow costs in favor of either party.     *Gen. Stat., p.* 368,· § 8.