### John Gill, Appellee, v. Nicholas Gill, Appellant.

LANDLORD AND TENANT—*how tenancy from year to year terminated.* A tenancy from year to year cannot be terminated by a notice which does not specify termination at the end of a year. A notice which undertakes to terminate such a tenancy at an improper time is insufficient and does not form a basis for a demand for immediate possession at the end of the year.

Forcible detainer. Appeal from the Circuit Court of Perry county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed April 15, 1911.

RUSSELL & SANFORD and B. W. POPE, for appellant.

J. PAUL CARTER and A. R. DRY, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This is a suit in forcible detainer, brought by John Gill, appellee, to recover possession of eighty acres of land in Perry county, Illinois, which he claims has been wrongfully withheld from him by his son, the appellant, Nicholas Gill.

The jury found that appellant was guilty of unlawfully withholding the possession of the premises in question, and judgment was entered that appellee recover possession of said premises and his costs.

It appeared from the proofs that on October 21, 1904, appellee purchased the premises in question from one William McConnell, for $1550; that some time the following March, appellant took possession of the same at the request or with the consent of appellee, his father. Appellant claimed that the arrangement made between him and his father was that he was to rent the place and give his father one-third of the crops, if the latter needed the same; that appellee was to keep up the taxes; that appellant was to have possession of the place as long as appellee lived and at his death it was to belong to appellant; that he went on the place under this arrangement, made valuable improvements in expectation of future ownership and fulfilled his part of the contract.

Appellee, on the contrary, claimed that the relation between the parties was that of landlord and tenant; that the tenancy was one from year to year, commencing on the first day of March each year and providing for a crop rent, which appellant had, to a very large extent, failed to pay or deliver to him. In support of his case and his right to institute the suit, appellee introduced a notice directed to appellant, dated December 27, 1909, stating: "You are hereby notified that I have decided to terminate your lease of my farm, known as the McConnell place, and you are hereby notified to quit and deliver up possession of the same to me, within sixty days of this date."

Appellee also introduced another notice to appellant, dated March 1, 1910, demanding immediate possession of the premises in question.

If we concede that appellee's statement of the relation between himself and appellant is the true one, as must have been found by the jury, and that the tenancy was one from year to year, commencing March 1st, neither of the two notices was sufficient to terminate the tenancy. The first one of the notices sought to terminate the tenancy and demanded possession within sixty days of December 27, 1909, which time would expire several days prior to March 1st, which was the end of the rental year. The notice was not one to terminate a tenancy on account of failure to comply with the terms of the lease, but was simply intended to be a notice to terminate a tenancy from year to year. This could not be legally terminated until the expiration of the year. Neither was the demand for immediate possession served on the first of March, sufficient to terminate the tenancy. The other notice having been insufficient appellant was rightfully in possession of the premises on March 1st, his tenancy was not ended and appellee was not in position to demand immediate possession. Appellee therefore was not entitled to the possession of the premises in question at the time he instituted his suit and a judgment in his favor cannot be sustained.

The judgment in this case will therefore be reversed and, as in our view of the case, as above expressed, appellee cannot maintain this suit in forcible detainer, the cause will not be remanded.

*Reversed.*