LEWIS EVANS, Appellee, v. ROBERT DAVIES et ux., Appellants; A. R. DUGGER, Intervener.

No. 46186.

FEBRUARY 16, 1943.

Thos. E. Mullin, of Creston, for appellants.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, for appellee and intervener.

SMITH, J.—This is a case of forcible entry and detainer. It concerns the claim of defendants, as tenants, to the right to occupy a farm for an additional year commencing at the termination of their oral lease on March 1, 1942. They base their claim upon plaintiff's failure, as landlord, to give notice on or before November 1, 1941, as required by section 10161, Code of Iowa, 1939. No question of the sufficiency of pleadings arises.

Plaintiff by amendments to his petition pleads: That during the summer and fall of 1941 the parties impliedly agreed to terminate the tenancy as of March 1, 1942, and orally so agreed prior to November 1, 1941; that the premises were sold at public auction September 23, 1941, the purchaser to have possession March 1, 1942, and that defendants knew the terms, helped advertise and get ready for the sale, were present and helped the day of the sale and were paid for their services, all without objection on their part and without indication that they would claim possession of the premises after March 1, 1942; that following the sale they were orally told by plaintiff that both he and they would have to give possession to the purchaser on March 1, 1942, and that no objection was made by them; that plaintiff relied on the implied agreement and defendants' conduct, and on such reliance sold the premises and agreed to give possession on March 1, 1942, and did not give the November 1st notice; that defendants waived the giving of said notice and were estopped from claiming any rights by reason of the fact that the notice was not given.

By a subsequent amendment to the petition and also in his reply plaintiff has alleged that "defendant was in default in the performance of his existing rental agreement" because of failure to fix fences as required by law and also because defendant cut a large hole in the barn without permission of plaintiff or of the purchaser of the place.

The court found that defendants were illegally detaining the premises and entered order, judgment, and decree accordingly.

The evidence is in conflict upon the issues of estoppel and

waiver but we think the weight clearly sustains the court's decision. Defendants do not seem seriously to question it. We can see no good purpose to be served by setting it out.

Appellants' sole argument is directed to the proposition that the notice required by Code section 10161 cannot be ''contracted away with reference to the termination'' of the lease. The case, insofar as concerns waiver and estoppel, is ruled by our recent decision, Smith v. Coutant, 232 Iowa 887, 6 N. W. 2d 421. Elaboration is not necessary. The decision of the trial court is right.

In view of our decision on the questions of estoppel and waiver, we need not determine whether appellants, by failure to fix fences and by cutting a hole in the barn, were in such ''default in the performance of the existing rental agreement'' as would excuse service of the notice under the statute.

Appellee filed in this court a motion to dismiss based upon the thought that the case is moot or will be by the time the appeal is finally determined. The motion was ordered submitted with the case. As we have decided the appeal on its merits it is unnecessary to pass on the motion. The decision of the lower court is affirmed.—Affirmed.

All JUSTICES concur.