FRANK BAIE, Appellant, v. WENDELL NORDSTROM et ux., Appellees.

FRANK BAIE, Plaintiff, v. BRUCE M. SNELL, Judge, Defendant.

No. 47106.

OCTOBER 14, 1947.

Clark & Clark, of Ida Grove, for appellant.

Herrick & Ary, of Cherokee, and Arthur L. Johnson, of Ida Grove, for appellees and Bruce M. Snell, defendant.

GARFIELD, J.—■ The record on appeal, settled by stipulation of counsel and order of the trial court, apparently includes practically the entire transcript of the testimony in question-and-answer form. Rule 340, Rules of Civil Procedure, contemplates that the record on appeal shall consist of an *"abstract* of so much of the record in that [trial] court, including pleadings, evidence * * * as is material to the appeal" and that testimony appear "in condensed or narrative form" unless a party deems some portion "to be of particular importance," in which event such part may be set out in question-and-answer form. Since the practice followed in this case has become quite common, we find it necessary again to caution attorneys and trial courts to comply with the Rule. See Brown v. Schmitz, 237 Iowa 418, 419, 22 N. W. 2d 340, 341.

Plaintiff owns a two-hundred-forty-acre farm in Ida county, which he leased in writing in December 1945, to defendant Wendell Nordstrom for the farming year to commence March 1, 1946. In September 1946 plaintiff gave defendants Nordstrom and wife written notice under sections 562.6, 562.7, Code, 1946, that the tenancy would terminate on March 1, 1947. Defendants then claimed the right to occupy the farm under an oral lease for the year commencing March 1, 1947. Whereupon, in December 1946, plaintiff brought suit in equity to quiet his title to the farm subject to defendants' right of possession until March 1, 1947.

Defendants interposed the defense that shortly before the notice of termination of tenancy was given plaintiff orally agreed to lease them the farm for another year commencing March 1, 1947. Following trial, the court found defendants' claim of oral lease established and dismissed plaintiff's petition. Plaintiff seeks, both by certiorari and appeal, to review this adjudication.

Certiorari lies only when authorized by statute or where an inferior tribunal is alleged to have exceeded "its * * * proper jurisdiction or otherwise acted illegally." Rule 306, Rules of Civil Procedure. No such statute, excess of jurisdiction, or other illegality is asserted. It is plain plaintiff is entitled to no relief by way of certiorari.

Upon plaintiff's appeal we are content with the trial court's decree.

Section 562.6, Code, 1946, provides that a farm "tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other, whereupon the tenancy shall terminate March 1 following." Since plaintiff gave the written notice for termination as contemplated by the statute, the tenancy created by the written lease entered into in December 1945 did not continue, by virtue of the statute, for the year commencing March 1, 1947.

There is nothing in the statute, however, which prevents the making of a new lease for an additional term. And where such new lease has been made one party, without the other's

consent, cannot avoid it by giving notice of termination under section 562.6. The statute was not intended to, and does not, interfere with the right of landlord and tenant to contract with reference to possession of the premises.

We have held the parties may terminate a tenancy by agreement as well as by notice of termination under the statute. Crittenden v. Jensen, 231 Iowa 445, 1 N. W. 2d 669. See, also, Laughlin v. Hall, 236 Iowa 990, 20 N. W. 2d 415; Riggs v. Meka, 236 Iowa 118, 17 N. W. 2d 101; Evans v. Davies, 232 Iowa 1207, 7 N. W. 2d 780. Logic compels the holding that parties may agree to a continuance of the tenancy and that failure to give the statutory notice of termination is not the only way in which the tenancy may be continued for the following crop year.

It is scarcely necessary to observe that oral leases for a term not exceeding a year are valid. Section 622.32(3), Code, 1946. Likewise, an existing lease may be extended or renewed by parol for a term not exceeding a year. 37 C. J. S., Statute of Frauds, section 113. And an oral lease for a term of not more than a year is valid even though the term is to commence at a future time. Sobey v. Brisbee, 20 Iowa 105; Jones v. Marcy, 49 Iowa 188; 37 C. J. S., Statute of Frauds, section 112a; 49 Am. Jur., Statute of Frauds, section 195.

There is no merit to plaintiff's contention that evidence of the oral lease was an attempt to vary or contradict the terms of the written lease. 32 Am. Jur., Landlord and Tenant, section 133; Boos v. Dulin, 103 Iowa 331, 335, 336, 72 N. W. 533. The parol-evidence rule generally has no application to a subsequent oral agreement between parties to a written instrument even though it may alter or abrogate the writing. 32 C. J. S., Evidence, section 1004. See, also, Berg v. Kucharo Constr. Co., 237 Iowa 478, 489, 21 N. W. 2d 561, 567.

We think the case involves primarily only the fact question of whether the oral agreement claimed by defendants has been established. Giving to the trial court's decision the weight to which it is entitled, we are satisfied with the proof.

We conclude from the evidence that plaintiff was unnecessarily concerned about payment of the rent for 1946 and was

not entirely satisfied with defendant Nordstrom's operation of the farm. In the early part of September 1946 plaintiff consulted the president of the bank which had been financing Nordstrom and which held a chattel mortgage on his property. The banker assured plaintiff his rent would be paid and promised to go to the farm, look the situation over, and then see plaintiff. On September 14th the banker and Nordstrom called on plaintiff: "Mr. Baie asked Mr. Nordstrom if he had done any plowing and Mr. Nordstrom said he had." The banker asked plaintiff if Nordstrom would pay his rent promptly when due —the first half was due November 1st and they agreed to pay it by October 1st—and if Nordstrom would do some fencing and some other things, if he, Baie, would rerent the farm to Nordstrom for 1947 on the same terms and conditions. Plaintiff said "yes" and Nordstrom nodded that was satisfactory. Both the banker and Nordstrom testify to this conversation.

Plaintiff denies he agreed to rent to defendants and testifies he told the banker and Nordstrom, when they asked to rent the farm for another year, there was plenty of time to determine that. Plaintiff's wife says she, from inside a screen door to the house, overheard the conversation which was outdoors. She undertakes to corroborate plaintiff. The trial court found both plaintiff and her husband appeared to be confused and mistaken as to the date and extent of the conversation.

The first half of the rent was paid before October 1st and the second half before it fell due. The fencing was done, as were also the other things mentioned in the conversation. Nordstrom plowed forty acres, for which plaintiff never offered to pay him. Nordstrom also spread upon the farm, in September 1946, three hundred loads of manure, most of which had accumulated in the barnyard before he moved on the farm.

Two days after the above conversation, without any apparent change of circumstances, plaintiff gave notice of termination of the tenancy. The same day Nordstrom took the notice to his banker, who wrote plaintiff at once stating his version of the oral agreement and expressing surprise at the notice of termination.

Plaintiff argues defendants' version of the conversation is unreasonable. We think it fully as reasonable as plaintiff's version. It cannot fairly be said that as late as September 14th there was "plenty of time" to determine whether defendants should farm the land for the following year. Nor, as we have intimated, is there any explanation for the giving of the notice of termination only two days after the conversation.

■ No particular form of words is necessary to constitute a lease, especially an oral lease between parties who are not trained in legal phraseology. Whatever is sufficient to show the intent of the parties that one shall divest himself of the possession, and the other come into it, for a determinate time, amounts to a lease. 32 Am. Jur., Landlord and Tenant, section 24; 51 C. J. S., Landlord and Tenant, section 211; Gates v. Herberger, 202 Minn. 610, 612, 279 N. W. 711, 712. See, also, Putnam v. McClain, 198 Iowa 287, 289, 199 N. W. 261. We think the evidence meets this test.

Upon a consideration of all contentions raised, the decree is—Affirmed.

OLIVER, C. J., and BLISS, HALE, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.