DAVENPORT BANK AND TRUST COMPANY, as guardian of property of Carrie Belle Wilson, incompetent, appellant, v. EARL H. KRENZ et ux., appellees.

No. 51463.

(Reported in 130 N.W.2d 698)

OCTOBER 20, 1964.

Vollertsen & Britt, of Davenport, for appellant.

Eckerman, McFerren, Fair & McGrath, of Davenport, for appellees.

THORNTON, J.—This is an action for a declaratory judgment wherein plaintiff seeks to establish a farm lease between plaintiff and defendants expired March 1, 1964, and decreeing plaintiff is entitled to possession on that date.

Though Mrs. Wilson is now under guardianship she will be referred to as plaintiff. She is a lady in her eighties. At times pertinent when not represented by a guardian she did have a farm manager.

Plaintiff's case here is based on the theory defendants have waived the statutory notice to terminate farm tenancy as provided by sections 562.5, 562.6 and 562.7, Code of Iowa, 1962; and are now estopped to set up the failure to serve notice as required by section 562.7.

The trial court held for the defendants and we must agree.

The question presented is one of fact. This action for

declaratory relief is in equity. It involves the same issues that would have been presented after a claimed breach in an action of forcible entry and detention, section 648.5, Code of Iowa, 1962, and Wetzstein v. Dehrkoop, 241 Iowa 1237, 1247, 44 N.W.2d 695, and is reviewable de novo here.

In 1953 plaintiff and defendants entered into a lease of a 320-acre farm commencing March 1, 1954, for a three-year period with an option to extend the same for an additional two years. When this time ran out March 1, 1959, defendants continued to farm the land. In September 1959 defendants requested a new lease from plaintiff's farm manager. There was then written on the margin of the lease, "It is agreed that the lease be extended with all the terms remaining the same." This was signed by defendant Earl H. Krenz and the plaintiff's farm manager, as agent. May 29, 1962, plaintiff sold 120 acres of the 320-acre farm to Mr. and Mrs. Donald J. Holst, possession to be given the purchasers on March 1, 1963. Defendant Mr. Krenz heard of this. In June or July of 1962 he called on plaintiff. He testified plaintiff was upset and said she was sorry, that at a later date at plaintiff's request he met with her attorney. There were two meetings, close together. From the record it is clear the last of these was in December 1962.

Plaintiff's case is based on the testimony of the attorney acting for her at that time. He states defendant Mr. Krenz contacted him to inform him they could not give possession of 120 acres on March 1, 1963. He testified Mr. Krenz stated at that time his lease ran until March 1, 1964, and never at anytime indicated the lease extended beyond March 1, 1964. The attorney negotiated a new sales contract with the purchasers to provide for possession March 1, 1964. In the meetings with defendants various means of settling with them were discussed. Mr. Krenz testifies he thought one of his proposals was accepted. After the December conference the attorney wrote a letter dated December 14, 1962, to defendants wherein he stated:

"In order to avoid any future misunderstanding and to enable you to the maximum amount of time to locate and secure another farm, you are hereby notified that your existing lease,

which expires February 28, 1964, will not be renewed or extended."

This letter was sent by certified mail, not by restricted certified mail. Section 562.7, subsection 3. Leise v. Schiebel, 246 Iowa 64, 66, 67 N.W.2d 25.

Plaintiff's attorney testified that during the summer of 1963 Mr. Krenz called on the phone relative to fences and in the conversation Mr. Krenz said that since he would not have the farm another year he did not feel he should put in the fences needed.

On October 2, 1963, plaintiff's attorney sent another letter addressed to defendant Mr. Krenz wherein he said, "However, as a matter of legal formality I wish to hereby give you written notice of the fact that your existing lease will terminate on March 1, 1964, and that same will not be renewed by operation of law or otherwise for the year commencing March 1, 1964." Again the letter was sent by certified mail.

The defendants both deny any mention of the date of termination of the lease. Mr. Krenz denies the conversation relative to fencing. He states the conversation was relative to moving fence due to the construction of Interstate Highway 80. And Mr. Krenz testified in September of 1963 he met with plaintiff and her new farm manager, Mr. Baustian, that he stated to them he had two years left on his lease, that it did not expire until March 1965 and Mr. Baustian said that he would have to look into that. This was in no way denied or explained. Mr. Krenz also testified he told Mrs. Wilson and her attorney his lease expired March 1, 1965.

I. Plaintiff's position is, defendants by their statements and conduct led plaintiff to change her position to her detriment, that she and her attorney were led to believe defendants intended to leave the farm March 1, 1964, and statutory notice of termination was not necessary. Plaintiff also urges defendants had a duty to speak. And defendants stated they were not interested in keeping the farm under the conditions offered.

Plaintiff relies on Evans v. Davies, 232 Iowa 1207, 7 N.W.2d 780; and Wetzstein v. Dehrkoop, 241 Iowa 1237, 44 N.W.2d 695. Both of these cases are authority for plaintiff's

position but neither bears out plaintiff's position from a factual standpoint. In Wetzstein the parties had stated in the lease the landlord was to advise the tenant on or before July 1, 1948, if he desired possession of the farm at the expiration of the lease. At a meeting between them on June 27 or 28 pursuant to such clause in the lease, the tenant advised the landlord he was not interested in farming the land under the plan proposed by the landlord. It was not as here that he was not interested in farming a part of the land as a compromise.

In Evans the tenants were present and assisted at a sale of the farm for March 1 possession, they were orally told by the landlord both he and they would have to give possession March 1st next and made no objection thereto.

In both of these cases the landlord did rely on conduct and statements of the tenants and at no time did the tenants assert a lease for a longer period, as here.

II. As to defendants' duty to speak, it is undenied defendants told plaintiff and her farm manager their lease did not expire until March of 1965. This was after the first letter or notice and during the month before the second notice dated October 2, 1963. At this point we think with defendants' testimony undenied and unexplained they did speak and plaintiff attempted to act on it by mailing the letter. Plaintiff was then not relying on anything said or done by defendants.

In Leise v. Schiebel, 246 Iowa 64, 69, 67 N.W.2d 25, 27, we said of an attempt to serve the statutory notice and the explanation thereof:

"This does not indicate there was such reliance as would establish an estoppel. It seems rather to cast doubt—or to indicate some doubt in plaintiff's mind—as to whether any contract or agreement of cancellation had been reached."

The foregoing is applicable here. If it might reasonably be thought the first letter was in explanation of the results of the conferences as understood by plaintiff's attorney, certainly this cannot be said for the second one, mailed after it is contended defendants discussed fences in light of their moving on March 1, 1964. Rather it seems to indicate plaintiff was acting as a result of defendants' statement to her and her farm manager that their

lease did not expire until March 1, 1965, and not relying on any prior conduct or statements.

In Pollock v. Pollock, 247 Iowa 20, 72 N.W.2d 483, we point out holdover farm tenancies as well as those under an original lease are to be terminated by notice under section 562.6.

The decree of the trial court is—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.