**Irene BUSS, Appellee,**

v.

**Lawrence GRUIS, Appellant.**

**No. 66615.**

Supreme Court of Iowa.

June 16, 1982.

James M. Stanton of Boyle, Schuler, Stanton, Grabinski & Sorensen, Clear Lake, for appellant.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

UHLENHOPP, Justice.

This appeal involves the efficacy of the service of a notice to terminate a farm tenancy under sections 562.6 and 562.7, The Code 1979.

Section 562.6 provides:

Where an agreement is made fixing the time of the termination of the tenancy, whether in writing or not, it shall cease at the time agreed upon, without notice. In the case of farm tenants, except mere croppers, occupying and cultivating an acreage of forty acres or more, the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other, whereupon the

tenancy shall terminate March 1 following; provided further, the tenancy shall not continue because of absence of notice in case there be default in the performance of the existing rental agreement.

Section 562.7 provides:

The written notice so required shall be given as follows:

1. By delivery of notice in person on or before September 1 by one party to the other with acceptance of service thereon to be signed by the person receiving the notice, or

2. By service on either party on or before September 1 by a person in behalf of the other party, in the same manner as original notices are served, or

3. By either party sending to the other at his last known address before September 1, a notice by restricted certified mail.

Section 618.15 of the same Code provides:

Wherever used in this Code, the following words shall have the meanings respectively ascribed to them unless such meanings are repugnant to the context:

1. The words, "certified mail" mean any form of mail service, by whatever name, provided by the United States post office where the post office provides the mailer with a receipt to prove mailing.

2. The words, "restricted certified mail" mean any form of certified mail as defined in subsection 1 which carries on the face thereof, in a conspicuous place where it will not be obliterated, the endorsement, "Deliver to addressee only", and for which the post office provides the mailer with a return receipt showing the date of delivery, the place of delivery, and person to whom delivered.

Plaintiff Irene Buss owns a farm of 120 acres in Cerro Gordo County, Iowa, and leased it to defendant Lawrence Gruis (Gruis) for two years beginning March 1, 1979. On July 15, 1980, Buss mailed a proper notice terminating the tenancy on March 1, 1981, by certified mail as distinguished from restricted certified mail, in an envelope addressed to Mr. and Mrs. Lawrence Gruis at their correct address. Short-ly thereafter the envelope was delivered by the postal service to Todd Gruis, an adult son of Mr. and Mrs. Lawrence Gruis, and he apparently signed a receipt for it. The postal service returned the receipt to Buss. Prior to September 1, 1980, Gruis received the notice from his son.

Gruis claimed that the notice was not served in accordance with the statute and that the tenancy did not terminate on March 1, 1981. Buss commenced the present action for an adjudication that the tenancy did so terminate. The trial court held the purpose of the statute was fulfilled when Gruis actually received the notice prior to September 1, 1980, and the tenancy therefore terminated on March 1, 1981.

Gruis appealed. The case does not involve waiver and estoppel which are frequently asserted by landlords in these cases. Termination is therefore dependent upon the efficacy of the manner of service of the notice which Buss employed.

I. Buss attempted to serve the notice in the third manner authorized by the statute: "By either party sending to the other at his last known address before September 1, a notice by *restricted* certified mail." (Emphasis added.) Section 618.15 provides that "Wherever used in this Code" restricted certified mail means certified mail which carries on its face in a conspicuous place where it will not be obliterated the endorsement "Deliver to addressee only" and for which the mailer receives a return receipt. Although the record is not altogether clear, we may assume arguendo that the receipt Buss received was signed by the recipient of her letter. That recipient, however, was not the addressee on the letter. Moreover, the envelope was not marked "Deliver to addressee only", did not bear sufficient postage for that purpose, and was not in fact delivered to the addressee. Buss did not comply with the third manner authorized by the statute. The question is whether, under these circumstances, we can read an exception into the restricted certified mail requirement where the addressee in fact receives the notice in proper time. If so,

presumably the sender could use ordinary mail if he could prove the addressee actually got it.

II. We turn to the decisions. On several occasions this court has addressed the problem of service of notices under the statute in question. *Escher v. Morrison,* 278 N.W.2d 9 (Iowa 1979); *Long v. Crum,* 267 N.W.2d 407 (Iowa 1978); *Denton v. Moser,* 241 N.W.2d 28 (Iowa 1976); *Davenport Bank & Trust Co. v. Krenz,* 256 Iowa 1171, 130 N.W.2d 698 (1964); *Leise v. Schiebel,* 246 Iowa 64, 67 N.W.2d 25 (1954); *Kuiken v. Garrett,* 243 Iowa 785, 51 N.W.2d 149 (1952); *Snyder v. Abel,* 235 Iowa 724, 17 N.W.2d 401 (1945).

In *Snyder* the landlord attempted to serve notice in the second way the statute authorizes—in the manner of an original notice. The landlord handed the notice to the tenant, who looked at it and handed it back. Although the tenant had the notice in his hands, this court held, "The notice was not legally served on him." *Snyder,* 235 Iowa at 730, 17 N.W.2d at 404.

In *Kuiken* the notice was mailed on October 29, whereas the statute then provided the mailing had to occur at least ten days before November 1, and the notice purported to terminate the tenancy on December 1. This court held the notice and service were invalid: "It did not profess to terminate the tenancy on March 1 next, but attempted to end it on December 1, 1947, and it was not served ten days before November 1 as required in the case of mailing." *Kuiken,* 243 Iowa at 806, 5 N.W.2d at 161.

In *Leise* the landlord served by registered mail as then authorized but, as in *Kuiken,* not within the time provided. This court held the service invalid and stated:

Section 562.7, in 1943 (Acts 50th G.A., chapter 255, section 2) replaced an older one which ("when a tenant cannot be found in the county") authorized the giving of the notice to the person in possession, or "if the premises be vacant" it could be given by certain posting on the premises. Section 10162, Iowa Code 1939.

It was said in earlier cases that under the former statute the notice of termination was "not process nor is it jurisdictional." *North v. Kinney,* 231 Iowa 951, 952, 2 N.W.2d 407; *Welch v. Keeran,* 233 Iowa 499, 504, 7 N.W.2d 809. It was pointed out the language of the statute required the notice be "given", not that it be "served." *North v. Kinney,* supra.

But section 562.7 now quite definitely requires "service." It provides three methods: the first, a written "acceptance of service" on or before November 1; the second, "by service * * * in the same manner as original notices are served" on or before November 1; or, third, "a notice by registered mail with a return receipt demanded" sent at least ten days before November 1.

*We cannot treat these elaborate provisions as merely directory. The statute is mandatory.*

*Leise,* 246 Iowa at 66, 67 N.W.2d at 26 (emphasis added).

In *Krenz* this court faced the very problem we have here. Involved was a holdover tenancy. The termination letter "was sent by certified mail, not by restricted certified mail." *Krenz,* 256 Iowa at 1174, 130 N.W.2d at 699. The landlord attempted to prove waiver or estoppel. The trial court held that the lease was not terminated and this court affirmed, holding that waiver and estoppel were not established and that both original tenancies and holdover tenancies "are to be terminated by notice under section 562.6." *Id.* at 1175, 130 N.W.2d at 32.

In *Denton* the landlord mailed the notice on September 8 instead of "before September 1" as the statute provides. We held the lease was not terminated. 241 N.W.2d at 32.

In *Long* the landlord sent the notice in the proper way, but the tenant refused to receive it and the postal service returned it to the sender. We held, "Upon proof of a tenant's refusal to accept a notice of termination attempted to be served as § 562.7(3) provides, the statute is satisfied and the notice becomes effective." *Long,* 267 N.W.2d at 411.

Finally, in *Escher* the notice was not refused but was unclaimed. Reciting the *Leise* holding that service in accordance with the statute is mandatory, we stated: "This court recently held that the refusal to accept delivery of a notice mailed pursuant to section 562.7(3) will not defeat a landlord's attempt to give notice of termination.... We now hold that in the absence of such refusal, where the notice is not delivered and is returned unclaimed to the sender, service of the notice is incomplete." *Escher*, 278 N.W.2d at 11.

III. To reduce uncertainty attending the termination of tenancies by informal notification, the General Assembly has provided the precise ways in which notice must be given. Section 562.6 provides that the tenancy "shall" continue unless written notice is given by one party to the other, and section 562.7 provides that the notice "shall" be given as follows—specifying the three ways. In the case of service by mail, the sender cannot use ordinary mail or merely certified mail. He must use the kind of certified mail which assures delivery to the addressee only, and which provides him with a return receipt by which he can confirm the addressee received the notice. Where statutory provisions on the manner of service are mandatory, service in a different way is not made valid by actual receipt of the notice by the intended person. This court stated regarding original notices in *Esterdahl v. Wilson*, 252 Iowa 1199, 1206, 110 N.W.2d 241, 244 (1961):

> It will not do to say it is sufficient if it appears he did in fact acquire notice of the action, although by some other method. This argument would support a notice by ordinary mail, or by telegram, or word of mouth, or by reading of the suit in a newspaper.

See also *Dawson v. Iowa Merit Employment Comm.*, 303 N.W.2d 158, 160 (Iowa 1981); *Neumeister v. City Development Board*, 291 N.W.2d 11, 14 (Iowa 1980); *Spencer Concrete Products Co. v. City of Spencer*, 254 Iowa 87, 94–95, 116 N.W.2d 455, 459–60 (1962) ("As far as the plaintiff and its agent designated to make the service were concerned, the service was complete and either valid or void when it was served upon Clifton. That the notice may have been later handed to Clarence Phillips or other authorized agent of the corporation in no manner adds to the effectiveness of the service."). *Cf. In the Matter of Appeal of Elliott*, 319 N.W.2d 244 (Iowa 1982) (construction of word "served").

We reaffirm the view stated in *Leise* that the provisions of sections 562.6 and 562.7 are mandatory. To hold otherwise would undo the effort of the General Assembly to make these notices definite and certain, and would return us to jousts between landlords and tenants as to whether notice was in fact given when informal notification was used. We hold that the service in this case was not valid.

REVERSED.