Brian FOSTER, Plaintiff–Appellee,

v.

Curtis SCHWICKERATH,
Defendant–Appellant.

No. 09–0797.

Court of Appeals of Iowa.

Dec. 30, 2009.

Nathaniel W. Schwickerath of Schwickerath, P.C., New Hampton, for appellant.

Joseph P. Braun of Elwood, O'Donohoe, Braun & White, L.L.P., Cresco, for appellee.

Considered by SACKETT, C.J., and VAITHESWARAN and DANILSON, JJ.

DANILSON, J.

This case involves the efficacy of a notice to terminate a farm lease under Iowa Code section 562.5 (2007). On or about April 24, 2006, plaintiff Brian Foster and defendant Curtis Schwickerath entered into a written farm lease, under which Foster leased approximately 252 acres of farmland in Howard County to Schwickerath. Although the lease term was identified as one year, Schwickerath continued to lease the land during the 2007 and 2008 crop years. On or about August 6, 2008, Schwickerath received, by certified mail, a written "Lease Termination Notice" from Foster, stating: "This letter will serve as formal notification that your lease

will terminate effective December 31, 2008, on the farm located at: ...." Thereafter, in a letter dated September 19, 2008, Schwickerath informed Foster that the notice of termination did not comply with section 562.5 because it did not fix the date of termination of the lease as March 1, 2009.

On October 22, 2008, Foster filed a petition for declaratory judgment requesting the district court to declare that the letter was a valid termination of the farm tenancy. Schwickerath answered and filed a motion for summary judgment, which the court denied. Foster filed a motion for summary judgment on March 17, 2009. After a hearing, the court granted the motion. Schwickerath now appeals.[1] We review the district court's summary judgment ruling for the correction of errors at law. Iowa R.App. P. 6.907; *Lobberecht v. Chendrasekhar*, 744 N.W.2d 104, 106 (Iowa 2008).

Iowa Code section 562.5 provides, in relevant part: "In the case of a farm tenancy, the notice must fix the termination of the farm tenancy to take place on the first day of March...." Section 562.6 provides in part that a farm tenancy that continues beyond the terms of the original lease shall terminate on March 1 if written notice is served upon either party or the party's successor as provided in section 562.7.

Section 562.7 sets forth several specific procedures to be used with regard to service of notice of termination of farm tenancies (must be delivered on or before September 1, certified mail or signed acceptance, etc.). As the district court correctly noted, our supreme court has determined that the provisions of section 562.6 and 562.7 are *mandatory, rather than directory. See Buss v. Gruis*, 320 N.W.2d 549, 551 (Iowa 1982) (emphasis added). In this case, there is no dispute that the manner of service of Foster's notice of termination was in compliance with section 562.7.

Over the years, our supreme court has frequently addressed the effectiveness of farm tenancy termination notices; however, few cases have focused on the issue presented here.[2] In *Welch v. Keeran*, 233 Iowa 499, 502–05, 7 N.W.2d 809, 810–12 (1943), our supreme court addressed a similar situation to the issue presented in the

---

1. Before we can reach the merits of the appeal, we must address Foster's contention that this matter is moot. " 'An issue is moot if it no longer presents a justiciable controversy because it is has become academic or nonexistent.' The test is whether the court's opinion would be of force or effect in the underlying controversy." *In re D.C.V.*, 569 N.W.2d 489, 494 (Iowa 1997) (citations omitted). Foster contends a decision by this court would have no force or effect in the declaratory judgment action because, even if a lease existed, the planting time for the 2009–10 lease year took place in spring 2009, and the fall harvest will have been completed by the time our decision is filed.

   We might agree, were it not for the fact that Schwickerath may be entitled to seek supplemental relief for his lost right to possession for the 2009 crop year in the event this court determined the notice to terminate was not effective. (Schwickerath was not allowed to access the property after April 2008.) Thus, the controversy before the district court implicated more than Foster's bare right of possession to the leased premises. Under the circumstances, we cannot conclude the validity of the summary judgment ruling is "a mere abstraction"; rather it involves "real, present questions, involving actual interests and rights of the parties." *Manning v. Heath*, 206 Iowa 952, 954, 221 N.W. 560, 561 (1928) (citations omitted). We therefore turn to the merits of the appeal.

2. The majority of farm lease cases have dealt with whether notices have passed muster under the stringent service requirements of sections 562.6 and 562.7. *See, e.g., Buss*, 320 N.W.2d at 550–52 (giving a detailed summary of prior cases that have evaluated a notice's effectiveness under sections 562.6 and 562.7).

instant case. In *Welch*, a landlord sent a letter to the tenant terminating a farm lease that stated as follows:

I am sorry I cannot accommodate you by renting you my place for another year but I have had a better offer of shares of the crops raised next year, and other things considered think best to have a change. You people have had it or the use of it for a long time and I don't think you should feel hard on me if I have a change. I will have a contract to that effect for the year 1942. Hope you may find a place to suit you better.

*Welch*, 233 Iowa at 502, 7 N.W.2d at 810. The letter was timely mailed and met the other statutory notice requirements then in effect. *See* Iowa Code §§ 10161, 10162 (1939) (repealed 1943). The court in *Welch* determined that although the letter did not provide that the lease would terminate on March 1,

[The letter] was sufficient under the statute. Its purpose was simply to notify the tenant of the fact that the landlord did not intend to renew the lease. Such notice is not jurisdictional and is in the category of notices given to convey information.

*Id.* at 504–05, 7 N.W.2d at 811–12; *see also Bates v. Bates*, 237 Iowa 1408, 1410, 24 N.W.2d 460, 462 (1946) (determining the landlord's demand that the tenant "quit, surrender and deliver to me the possession of the premises now occupied by you" was a declaration and a notice of termination, and was "inconsistent with continuation of the tenancy"). The court therefore concluded that the tenant was not "entitled to possession of the premises for the year following March 1, 1942." *Welch*, 233 Iowa at 505, 7 N.W.2d at 812.

However, *Welch* preceded section 562.5 and various other amendments to the statutory scheme in Iowa Code Chapter 562. Additionally, our supreme court has since concluded with regard to sections 562.6 and 562.7, that the termination of farm tenancies and the manner of service of the notice are mandatory, not directory. *Leise v. Schiebel*, 246 Iowa 64, 67 N.W.2d 25 (1954); *Buss*, 320 N.W.2d at 549.

In *Buss*, the court stated:

To reduce uncertainty attending the termination of tenancies by informal notification, the General Assembly has provided the precise ways in which notice must be given. Section 562.6 provides that the tenancies "shall" continue unless written notice is given by one party to the other, and section 562.7 provides that notice "shall" be given as follows— specifying the three ways.

*Buss*, 320 N.W.2d at 552. The court went on to conclude:

We reaffirm the view stated in *Leise* that the provisions of section 562.6 and section 562.7 are mandatory. To hold otherwise would undo the effort of the General Assembly to make these notices definite and certain, and would return us to jousts between landlords and tenants as to whether notice was in fact given when informal notification was used.

*Id.*

Our supreme court also faced an issue regarding the propriety of a notice to terminate a farm tenancy subsequent to *Welch* in *Kuiken v. Garrett*, 243 Iowa 785, 805–06, 51 N.W.2d 149, 161 (1952), *superseded by statute*, Iowa Code § 668A.1, *as recognized in Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co.*, 510 N.W.2d 153, 159 (Iowa 1993). In *Kuiken*, our supreme court stated in part:

No other written notice in any other manner complying with sections 562.6 and 562.7 was given.... It did not profess to terminate the tenancy on March 1 next, but attempted to end it on December 1, 1947, and was not served

... as required.... The court was justified in telling the jury that there had been no proper notice of termination of tenancy....

*Kuiken,* 243 Iowa at 806, 51 N.W.2d at 161. However we distinguish *Kuiken, Leise,* and *Buss* as their holdings do not directly determine the sufficiency or validity of a notice that is timely and properly served but fails to recite to proper termination date.

We acknowledge that the plain language of section 562.5 requires that the termination notice "must fix the termination of the farm tenancy to take place the first day of March, except in the case of mere croppers." Section 562.5 does not, however, state the effect of a notice that recites a wrong termination date.

■ In this case, the district court, citing *Welch,* determined that section 562.5 is directory, not mandatory; and therefore, that the notice is only informational and not jurisdictional. Accordingly, the court concluded the notice given by Foster in this case was effective. We reach the same conclusion to the extent that the notice was effective, but we determine that the tenancy terminated on March 1.

Here, Foster gave Schwickerath notice of his intent to terminate the farm tenancy, the notice was in writing, and it was properly served upon Schwickerath—all mandatory requirements of sections 562.6 and 562.7, pursuant to *Buss* and *Leise.* Although Schwickerath's argument that a notice should be nullified where the wrong termination date is provided is appealing, we conclude that technical accuracy in the written notice is not required. We determine, as have other courts, that a wrong termination date does not give cause to nullify the notice.

For example, in *Steffen v. Paulus,* 125 Ill.App.3d 356, 80 Ill.Dec. 675, 465 N.E.2d 1021, 1024–25 (1984), the court reasoned:

Under the traditional common law rule, a notice to quit must terminate a periodic tenancy on the last day of the tenancy, and a notice to quit any earlier will be ineffective. *Finkelstein v. Herson,* [55 N.J.L. 217] 26 A. 688 (N.J.Sup. Ct.1893). A notice that demanded possession even three days early, therefore, was void at common law. *Gill v. Gill,* 161 Ill.App. 221 (Ill.App.Ct.1911). The rule served no purpose other than the common law's penchant for formalism and procedural precision. *Harry's Village, Inc. v. Egg Harbor Township,* [89 N.J. 576] 446 A.2d 862, 867 (N.J.1982).

The traditional rule, however, has been abandoned. *See, e.g., Mercer County Agriculture Society v. Barnhardt,* [313 Pa.Super. 206] 459 A.2d 811 (Pa.Super.Ct.1983); *S.D.G. v. Inventory Control Co.,* [178 N.J.Super. 411] 429 A.2d 394 (N.J.Super.Ct.App.Div.1981); *Kester v. Disan Engineering Corp.,* 591 P.2d 344 (Okl.Civ.App.1979). It seems unduly technical to deprive a notice to terminate a periodic tenancy of any legally operative effect solely because the notice designates as the termination date a date on which the tenancy cannot be terminated. Restatement (Second) of Property § 1.5, at 36 (1977). The Restatement provides the proper rule to be followed: "In the absence of controlling provisions in the lease ... if the date stated in the notice for termination is not the end of a period or is too short a time before the end of a period, the notice will be effective to terminate the lease at the earliest possible date after the date stated."

The result of this rule is both fair and reasonable. The purpose underlying a notice of requirement is to provide the parties with sufficient time to adjust

their affairs before the actual termination. *Harry's Village, Inc.*, 446 A.2d at 867. If the notice informs the tenant that the landlord wants him to quit the premises, then the question should not be the validity of the notice, but rather, how soon the tenant must leave. *T.W.I.W., Inc. v. Rhudy*, [96 N.M. 354] 630 P.2d 753, 757 (N.M.1981).

More recently, two other courts have also reached similar conclusions where a notice to terminate a farm tenancy provided an improper termination date. *Orebaugh v. Leatherwood*, 27 Kan.App.2d 730, 8 P.3d 55, 58 (2000) (concluding that notwithstanding an early termination date of August 1 set forth in the notice, the tenancy should be deemed terminated effective March 1 as controlled by Kansas law); *see also Jansen v. Pobst*, 922 S.W.2d 43, 48–49 (Mo.Ct.App.1996) (finding a notice of termination given in May validly terminated tenancy at end of year, notwithstanding the landlord's ineffective demand for possession in June).

Accordingly, we conclude that the amendments to the statutory scheme in Iowa Code chapter 562 and the rulings in *Kuiken, Leise,* and *Buss* do not nullify a notice of termination of farm tenancy that recites a wrong termination date. We find that the notice in this case clearly expressed Foster's intent to terminate the lease, fulfilled the mandatory notice requirements under sections 562.6 and 562.7, and substantially complied with section 562.5. Notwithstanding the written notice's statement that the lease shall terminate on December 31, we determine that Iowa law controls, and the lease terminated on March 1 of the following year. Iowa Code § 562.6.

For these reasons, we conclude the notice in this case was valid and we affirm the grant of summary judgment in favor of Foster.

**AFFIRMED.**