## DAVID H. BEECHER v. A. J. SPAIN.[1]

### May 24, 1918.

### No. 20,925.

**Landlord and tenant — existence of relation — construction of contract — action of unlawful detainer.**

A contract between the parties considered and *held* to create the relation of landlord and tenant. The tenant was in default in the payment of rent, and the landlord was entitled to the remedy of unlawful detainer.

[1]Reported in 167 N. W. 793.

Action in the municipal court of Minneapolis for restitution of certain premises. The case was tried before C. L. Smith, J., who found that the contract mentioned in the opinion did not create the relation of landlord and tenant between the parties and that plaintiff was not entitled to restitution of the premises. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Edward Nelson* and *Einar Hoidale,* for appellant.

*Selover, Schultz & Selover,* for respondent.

BUNN, J.

Action in the municipal court of Minneapolis in unlawful detainer. Defendant pleaded not guilty. The trial resulted in a decision for defendant, the court finding that the allegations of the complaint were not true and holding that the contract under which defendant was in possession of the premises was not a lease, and that the relation of landlord and tenant did not exist between the parties. From a judgment entered on this decision plaintiff appeals to this court.

The main question is whether the contract created the relation of landlord and tenant between plaintiff and defendant so that the former could maintain unlawful detainer on defendant's default in making the payments provided for, and, if so, whether the evidence shows such default.

The facts are as follows: Hennepin Holding Company is the owner of the premises involved, being a certain space on the ground floor and a space in the basement of a building in Minneapolis. The owner had leased this space to the American Beauty Confectionery Company, a corporation, which occupied the premises as a confectionery store. Defendant Spain was manager, and plaintiff was a stockholder in the corporation, and held a chattel mortgage on some of the fixtures to secure an indebtedness to him. The business was a failure, and bankruptcy proceedings were brought against the corporation. November 27, 1917, plaintiff and defendant entered into the written contract involved in this action. After reciting the leases to the confectionery company, its possession of the premises, the pendency of bankruptcy proceedings against the lessee, the fact that it owed large sums of money, among its large creditors being plaintiff, defendant, and a Minneapolis bank, that

it has been agreed between these creditors that, in the event of cancelation of present leases, said David H. Beecher shall negotiate in his own name a continuance or renewal of said leases from Hennepin Holding Company, and then place said A. J. Spain in possession with option to purchase said lease from said Beecher on stated conditions, the contract provides in substance as follows:

(1) If and when the present leases shall be canceled, Beecher is to take in his own name leases for the unexpired terms.

(2) That he shall then place Spain in possession under said leases upon the following terms: (a) Spain is to operate the stores in a first-class manner, to keep and perform every covenant and agreement on the lessee's part to be performed, so long as he shall continue to have the right of possession, shall have the right to sell said lease and business on condition that he pay to Beecher all moneys owing him from the confectionery company, and that if such a sale is not made, upon payment within 6 months to Beecher of all moneys due him as stated, the latter agrees to assign the leases to Spain, and that he shall have no further interest in the leases or the business. (b) If Spain shall not pay or cause to be paid to Beecher within 6 months all such moneys with interest, and until such moneys are paid, keep and perform the covenants, terms and conditions of said leases on Beecher's part to be performed, including the payment of rent, water tax and other fixed charges, then this option shall terminate and Spain shall at once surrender possession of said premises to Beecher, and he shall be entitled to immediate possession thereof. (c) Spain agrees that during all the time he shall have the right to possession of the premises, he will keep up all payments on the contracts of the corporation for cash registers, soda water fountains and other appliances or machines necessary to conduct the business in a proper manner. (d) The chattel mortgage indebtedness of Beecher is to be reduced monthly by the net monthly income from the cigar stand. (e) The popcorn machine may be sold or returned by Beecher, and any net amount paid by him therefor in excess of what has been already paid to him thereon shall be part of the moneys to be repaid to Beecher within 6 months. (f) All books, records, invoices and papers relative to the business heretofore carried on by the confectionery company shall remain with the business and

be safely kept by Spain, but always subject to inspection by Beecher while any moneys are owing to him as herein stated. (g) The intent and purpose of this instrument is to provide a means whereby the parties named herein shall be enabled by co-operation of effort as herein set forth, to be repaid their several claims in full with interest within 6 months from December 1, 1917, either or both by profits from the business or proceeds of a sale thereof, including the lease, but said Beecher's claims shall be first repaid as herein set forth before the other claims mentioned.

Plaintiff procured in his own name as lessee the contemplated leases from the owner of the premises, and defendant went into possession under the contract, the provisions of which are above set forth. Defendant paid one month's rent direct to the owner, but made no further payments of rent to the owner. Plaintiff, claiming that defendant was in default in the payment of rent, brought this action in unlawful detainer for the restitution of the premises.

It is clear that plaintiff is not entitled to the statutory remedy of unlawful detainer action unless the conventional relation of landlord and tenant existed between him and defendant. Steele v. Bond, 28 Minn. 267, 9 N. W. 772. In determining whether that relation existed, the form of or what the parties have called the instrument creating the relation is not controlling. The contract must be construed as a whole in the light of the circumstances that existed at the time it was entered into, and the intention of the parties thus ascertained will govern. The confectionery company, the lessee, was bankrupt and its lease was about to be canceled. Plaintiff and defendant were interested in the company, and with the bank were large creditors. They were looking for a way to obtain payment of their claims "by co-operation of effort," as expressed in the last clause of the contract. The entire contract shows that it was contemplated that the claims should be paid either by the profits of the business or by a sale thereof, and when plaintiff's claims were paid by either method his interest would wholly cease. In case of a sale the leases would go to the buyer as tenant; in case of payment of plaintiff's claims by defendant out of the profits of the business and a sale not made, the contract provides that the leases shall be assigned to defendant and that plaintiff shall have no further interest in the

leases or the business. The contract obligates defendant to pay rent to the owner, not to Beecher. The provision that in case of failure to pay rent or other charges "this option shall terminate and" that defendant "shall at once surrender possession of said premises" and plaintiff "be entitled to immediate possession thereof" is of significance in determining what relation was created by the contract, but it cannot be construed as giving plaintiff the right to the statutory remedy of unlawful detainer, if the relation of landlord and tenant did not exist.

The view of a majority of the court is that, considering all the provisions of the contract, it was a lease for 6 months and created the relation of landlord and tenant between plaintiff and defendant. As to the claim that the evidence does not show that defendant was in default in the payment of rent, we think that it shows conclusively that he paid the rent for one month only.

This view of the case leads to a reversal. The judgment appealed from is reversed and a new trial granted.