## STATE v. OTTO WINBERG.[1]

January 10, 1936.

No. 30,603.

*John G. Priebe,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *William D. Gunn,* and *Elmer R. Peterson,* County Attorney, for the State.

I. M. OLSEN, JUSTICE.

Defendant appeals from an order denying his motion for a new trial. He was convicted of the crime of driving an automobile on the highway while under the influence of intoxicating liquor.

[1] Reported in 264 N. W. 578.

On October 17, 1934, defendant and one Owen H. Lewis were traveling in an automobile, approaching the city of Albert Lea from a westerly direction. They intended to go into that city. At a point about one mile west of the city the car went off the highway into a ditch and up against an embankment. Lewis was injured so that he died about three days thereafter. The car belonged to the employer of Mr. Lewis, a company located at Galleon, Ohio. Mr. Lewis had the use of the car in his employment as a salesman for that company. They started from Minneapolis about ten o'clock in the morning and visited five or six different villages or cities where Lewis had business to attend to. They arrived at the place of the accident about nine o'clock in the evening.

■ The primary question for review is whether the verdict is sustained by the evidence. Defendant contends, first, that the evidence does not sustain the finding that he was driving the car at the time of the accident; second, that the evidence does not sustain the finding that he was under the influence of intoxicating liquor at the time of the accident.

On the first question, the evidence discloses that Lewis was going on a business trip for his employer. The trip, as appears, was to extend at least into the second day. Lewis had the use of the car but had lost his driver's license, which apparently had been revoked or canceled for some cause. He could not lawfully drive the car on the highways or streets. In that situation, he asked his friend and neighbor, this defendant, to accompany him on the trip. Defendant, as far as appears, had no object or business in going on the trip unless for the purpose of having a licensed driver for the car. Defendant owned and drove a car and was a licensed driver. Albert Lea was the largest town to be visited on that day. They were to stop there overnight. The car would have to be parked or placed in a garage overnight and would have to be started out again the next morning or day. There would be opportunity there for peace officers and many other persons to notice who was driving the car.

The front seat of the car had a place for the driver to sit behind the steering wheel on the left side and a place for a passenger to

sit on the right side. When people arrived at the scene of the accident they found defendant lying on the ground on the left side of the car about even with the center thereof, with his feet toward the car. He was stunned and unconscious and had some cuts and bruises, but was helped up and soon afterward regained some degree of consciousness and ability to move. Lewis was found slumped in the front seat of the car, or in a half-kneeling position partly off the seat, on the right side thereof in the place for a passenger. He was bleeding profusely from cuts on his head and neck. The windshield was broken out, but jagged pieces of the glass remained in the frame around what had been the edges of the glass. There were streaks and patches of blood on these pieces of glass on the right end of the opening through the windshield and in front of where Lewis was sitting. There was a pool of blood where Lewis was sitting.

The two injured men were taken to a hospital. Defendant there, that night, made statements to and in the presence of several persons that he was driving the car and explained how the accident happened. He made the same admission to the coroner and the sheriff, and said to the sheriff that he drove because Lewis had lost his license. Defendant, on later days, denied that he drove the car. On the trial his testimony was that he did not drive the car and that his mind was blank as to any conversations at the hospital on the night of the accident; that he did not become conscious so as to know what he was doing or saying until sometime the next day. There was also testimony, for defendant, by witnesses who testified that when Lewis and defendant left Waseca and when they left Wells, the next town before coming to Albert Lea, Lewis was driving the car.

It is urged that defendant's admission that he drove the car, if made, was a confession and not sufficient as such without corroboration. Driving a car by a licensed driver is not any offense. It was but an admission of a fact, not a confession of guilt. However that may be, the circumstances shown furnish sufficient corroboration.

The evidence was sufficient to justify the jury in finding, beyond reasonable doubt, that defendant drove the car at the time of the accident.

On the question of whether defendant was under the influence of intoxicating liquor at the time of the accident, the evidence relied on by the state is, in substance, that when these parties left Minneapolis there were three half-pint bottles of whisky in the car, one of the bottles perhaps in the pocket of Lewis, and two in a small compartment in the front of the car. Defendant testified that Lewis took a drink out of the bottle he had in his pocket and offered a drink to defendant, but that he declined to drink and that he later threw the bottle out of the car. What became of the other two bottles does not appear. There is testimony of the sheriff, deputy sheriff, a police officer, the coroner's assistant, and the hospital physician, who were with and observed the defendant the evening of the accident, that they smelled liquor on his breath. Three of the witnesses testified that, in their opinion, defendant was intoxicated; two others, that he appeared to be under the influence of liquor. Three of them testified that defendant told them that he and Lewis had been drinking liquor on the trip. If it be conceded that such admissions on defendant's part were confessions, there is sufficient corroboration. Defendant denied that he had drunk any liquor on the trip except one glass of beer, and denied any recollection of anything said by him on the night of the accident.

The evidence on that issue is sufficient to justify the jury in finding beyond reasonable doubt that defendant was under the influence of intoxicating liquor at the time of the accident.

■ There are so many assignments of error on other points, covering some 38 pages of the brief, that we cannot undertake a discussion of each separately. Counsel has to some extent simplified the matter and aided us by grouping the points argued under separate headings.

Complaint is made of irregularities of the court at the trial. Most of these so-called irregularities refer to rulings excluding or admitting evidence. The court did in some instances, in making

such rulings, make some explanation thereof, and in several instances remarked that the objection was well taken or was good, or that a question was clearly improper or called for a repetition, or that counsel was right; also, the court said in two or three instances that counsel should proceed, or get along. The record in this case is the typewritten record of the evidence, covering over 340 pages, and page after page consists mostly of objections and arguments by counsel for the state and for the defendant. The court might very well ask counsel to proceed with more diligence. We have considered these claimed irregularities of the court and find therein nothing which would constitute reversible error.

It is claimed that the court erroneously qualified an instruction requested by defendant. At the close of the charge the court inquired of the attorneys if there were any omissions, inadvertent statements, or suggestions counsel desired to call attention to. Defendant's counsel said: "In regard to the defendant's condition the court failed to comment." The court then said to the jury: "Winberg's condition after this wreck is a matter for your consideration together with all the other evidence in the case." Counsel made no further suggestion or objection and took no exception to any part of the charge. The settled case shows no requests by either party for any charge.

Certain parts of the charge as given are claimed as errors. The court said in one part of the charge: "It is the contention of the defendant that he was under shock from the accident, and that he has no knowledge and didn't know what he was talking about at all for a time after the wreck. The officers say to the contrary, and those who saw it. Wherever there is a conflict in evidence it is for you to solve." The court's charge, as a whole, was clear and complete. The jury were told repeatedly that they were to consider all the evidence in the case upon all questions presented, and that the shock and condition of defendant after the accident were matters for their consideration. The testimony of witnesses referred to by the court in this isolated part of the charge did show that an hour or so after the accident defendant gave his version of how the accident happened and intelligently answered questions. To that ex-

tent, at least, their testimony was contrary to defendant's claim that he had no recollection and did not know what he talked about. The court's statement, if not technically correct, was such an inadvertence as should have been called to its attention at the time so that it could have been corrected.

Other claimed errors in the charge have been examined and found to present no error.

Several assignments of error are in this form: "That the court erred in failing to give the following instruction:" In some instances there is added the clause, "although he agreed to give it in substance." The settled case, as already noted, shows no requests to charge, no action thereon by the court if there were any, and no agreement by the court in reference thereto.

Misconduct of counsel for the state is claimed. We find nothing shown to substantiate the claim.

The order appealed from is affirmed.