MAC–DU PROPERTIES, et al.,
Respondents,

v.

Robert LaBRESH, et al., Appellants.

No. CX–86–276.

Court of Appeals of Minnesota.

Aug. 19, 1986.

Review Denied Oct. 29, 1986.

Thomas J. Hunziker, Minneapolis, for respondents.

Robert C. Sipkins, Stern, Levine, Lifson & Strauss, P.A., St. Louis Park, for appellants.

Considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Respondents brought an unlawful detainer action against appellants alleging nonpayment of rent due under a lease and appellants defended by asserting that no rent was due. The trial court concluded that appellants could not occupy the property in violation of local ordinances and ordered a writ of restitution, which was stayed pending this appeal. We reverse.

## FACTS

Appellant "The Phoenix" is a foreign car repair business owned by LaBresh and Desnick, Inc.; Robert LaBresh; and Steven Desnick. Respondent Mac-Du Properties is a partnership between Michael McNeely and Michael J. Dudley and owns a commercial building located at 3715 Oregon Avenue South in St. Louis Park. On August 1, 1984 respondents leased spaces G and H in that building to appellants.

The parties negotiated for several months before agreeing to the terms of the lease, which is a standard form with several typewritten additions. The lease has a term of five years and a "5 year option." Rent is set at $1,250 per month for the first year; $1,450 for the second year; $1,650 for years three, four, and five; and $1,850 for the optional five-year term. Among the typewritten provisions are the following:

> The rent shall begin thirty days after occupancy permit is granted to Lessee by the City of St. Louis Park and work items contained herein have been completed by Lessor.

> This lease is written and accepted by the above named parties subject to the City of St. Louis Park approving the occupancy of this tenant.

> The Lessors shall install a parking lot on the east side of the building pursuant to the City of St. Louis Park's specific approval.

The lease also lists specific improvements which were to be made by respondents in order to bring the building into compliance with city ordinances and ensure that appellants could continue to operate their business at that location.

On November 6, 1985 respondents brought an unlawful detainer action alleging only that appellants had breached the lease by not paying rent due for August, September, and October of 1985. At a preliminary hearing, appellants were ordered to deposit $5,000 in rent with the court pending trial. Trial was held in Hennepin County Municipal Court on December 2, 1985.

Arlo Hasse, the Supervisor of Inspectional Services for the City of St. Louis Park, testified that every commercial tenant in that city must obtain a "certificate of occupancy." No certificate of occupancy was issued to appellants because the building did not comply with city ordinances. Re-

spondents were issued a temporary "Special Use Permit" that required paving and landscaping of an alley and parking lot to city standards. That special use permit later expired because respondents did not complete the improvements.

The trial court concluded that the lease contained a "condition precedent" to payment of rent: the issuance of a certificate of occupancy to appellants and the completion by respondents of the listed improvements. The court further concluded the lease was "contingent" on governmental action: the issuance of a certificate of occupancy. Finally, the court concluded the lease was "inoperable and ineffective" and was "breached" by respondents' failure to make the improvements.

The trial court did not determine whether respondents were entitled to a writ of restitution for nonpayment of rent, as alleged in their complaint. Instead, the court ordered a writ of restitution because it could not "condone the continued occupancy of this property in the absence of a certificate of occupancy." The trial court returned the $5,000 deposited by appellants. The writ of restitution was stayed pending appeal.

### ISSUE

Did the trial court err in issuing a writ of restitution?

### ANALYSIS

■ 1. An unlawful detainer action is a summary remedy for obtaining possession of premises wrongfully held by a tenant after nonpayment of rent. *Fritz v. Warthen*, 298 Minn. 54, 58, 213 N.W.2d 339, 341 (1973). The plaintiff must plead and prove facts which show the defendant is in unlawful possession of property. *See* Minn.Stat. § 566.03, subd. 1 (1984). Generally the only issue for trial is whether the facts alleged in the complaint are true. *See* Minn.Stat. § 566.15 (1984); *see also Minneapolis Community Development Agency v. Smallwood*, 379 N.W.2d 554, 555 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn.1986). If a court or jury finds that the allegations are true, the plaintiff is

entitled to a writ of restitution. *See* Minn. Stat. § 566.09 (1984).

Here respondents complaint alleged that under the lease rent was due but not paid by appellants. The trial court erred by failing to specifically find whether that allegation was true. *See* Minn.Stat. § 566.-09; *Smallwood*, 379 N.W.2d at 555. In the absence of such a finding, respondents were not entitled to a writ of restitution. The writ is therefore vacated.

■ 2. Where crucial findings of fact are lacking, a reviewing court will generally remand the case to the trial court for further findings. But where critical evidence is documentary, a reviewing court need not defer to a trial court's assessment of the meaning of that evidence. *See In re Trust Known As Great Northern Iron Ore Properties*, 308 Minn. 221, 243 N.W.2d 302 (1976). Here the determination of whether rent was due but unpaid is wholly dependent on interpretation of a written lease and remand to the trial court is unnecessary. *Id.*

■ The lease in question contains two relevant provisions, the first of which provides:

rent shall begin thirty (30) days after occupancy permit is granted to Lessee by the City of St. Louis Park and work items contained herein have been completed by Lessor.

The trial court concluded this provision created a "condition precedent" to appellants' obligation to pay rent: the completion of numerous improvements to the property and receipt of a certificate of occupancy. Specific improvements were listed elsewhere in the lease as mandatory obligations of respondents. According to the special use permit and the testimony of the city inspector, those improvements were also a prerequisite to the issuance of a certificate of occupancy.

This provision was apparently placed in the lease for the benefit of appellants, who sought a stable location to operate their business without fear of eviction for code violations. Rent was made conditional in

order to encourage respondents to promptly make the improvements. The parties agreed to this provision after lengthy negotiations, and the trial court found that the lease was "a contract at arms length between two sets of businessmen." We agree with appellants that under this provision, their duty to pay rent never arose because respondents never made promised improvements which would have enabled appellants to obtain a certificate of occupancy.

■ The second provision states that the lease:

is written and *accepted* by the above named parties *subject to* the City of St. Louis Park approving the occupancy of this tenant.

(Emphasis added.) The trial court, citing *Orme v. Atlas Gas and Oil Co.,* 217 Minn. 27, 13 N.W.2d 757 (1944), concluded that this provision made the lease "contingent on governmental action" and the lease was "inoperable and ineffective" because occupancy was never approved. But neither party has ever contended that this lease is invalid. Were we to so hold, respondents would still not be entitled to restitution because their complaint was based solely on failure to pay rent under the lease, not on any other unlawful possession. *See* Minn.Stat. §§ 566.01 and 566.09.

We believe this provision was to provide appellants with a continuing right to terminate the lease and their concommitant obligation to pay rent should respondents allow code violations to develop in the future which prompted the city to prohibit the operation of appellants' automotive repair business. *See, e.g., Orme,* 217 Minn. at 31, 13 N.W.2d at 761. This construction is consistent with the plain meaning of the first provision and the intent of the parties. *See id.* at 30, 13 N.W.2d at 760.

■ 3. Rather than apply the terms of the lease and resolve the dispute between these parties, the trial court issued a writ of restitution because it could not "condone the continued occupancy of this property in the absence of a certificate of occupancy." We agree with appellants that the court lacked jurisdiction to order restitution for reasons which had nothing to do with respondents' unlawful detainer complaint.

■ The jurisdiction of the Hennepin County Municipal Court is limited by statute. *See* Minn.Stat. § 488A.01, subd. 1 (1984). That court has criminal jurisdiction over *alleged* violations of the ordinances of any subdivision of government in Hennepin County, which includes the City of St. Louis Park. *See* Minn.Stat. § 488A.01, subd. 6. But this was an unlawful detainer action under Minn.Stat. § 488A.01, subd. 5, not a criminal case. No criminal charges have ever been filed against either appellants or respondents for violation of any ordinance.

Further, the public official responsible for enforcement of those ordinances had exercised his discretion and declined to prosecute appellants. The Supervisor of Inspectional Services for St. Louis Park testified that he has authority to issue citations to property owners and institute eviction proceedings against tenants for violations of city zoning ordinances. He also testified that he has not cited appellants because:

they have met with me probably five or six times in the last year and a half on what would have to be done to keep me from evicting them. They have bent over backwards to make their tenant space comply. They have spent thousands of dollars to do this. Now, maybe I am too much of a humanitarian because technically they should have been evicted a long time ago, but because they have bent over backwards to comply and make their area as safe as possible, I guess I just did not evict them because I felt I would be punishing the wrong party.

We therefore hold that the trial court lacked jurisdiction to *sua sponte* enforce city ordinances in an unlawful detainer action brought by a commercial landlord.

## DECISION

The trial court erred by not determining whether the allegations in an unlawful de-

tainer complaint were true. Respondents were not entitled to a writ of restitution where the lease made appellants' obligation to pay rent dependent on respondents completing improvements to commercial property so as to bring that property into compliance with city ordinances. A municipal court cannot enforce city ordinances in an unlawful detainer action concerning commercial property in the absence of formal criminal proceedings.

Reversed.