**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1728**

Hegenes Properties, LLC,
Respondent,

vs.

Michelle Rodriguez,
Appellant,

John Doe, et al.,
Defendants.

**Filed May 26, 2026
Reversed
Harris, Judge**

Rice County District Court
File No. 66-CV-25-2078

Christopher T. Kalla, Douglass E. Turner, Hanbery & Turner, PA, Minneapolis, Minnesota
(for respondent)

Lisa Hollingsworth, Jesse Smith, Joel Kinder, Southern Minnesota Regional Legal
Services, Inc., Rochester, Minnesota (for appellant)

Considered and decided by Bond, Presiding Judge; Harris, Judge; and Florey,

Judge.*

**SYLLABUS**

An eviction action seeking judgment for recovery of the premises requires that the

defendant be in actual possession of the premises or hold a present legal right to possess

the premises sought to be recovered.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**OPINION**

**HARRIS**, Judge

In this appeal from an eviction judgment, appellant argues that the district court erred by (1) denying her motion to dismiss the eviction action for lack of subject-matter jurisdiction, and (2) entering an eviction judgment for recovery of the premises when she had neither actual possession nor a present legal right to possess the premises. We conclude that the district court did not err by denying appellant's motion to dismiss because the district court had subject-matter jurisdiction to hear and decide the eviction action under Minnesota Statutes section 504B.291 (2024). We further conclude that the district court erred by entering an eviction judgment for recovery of the premises because appellant never had actual possession or held a present legal right to possess the premises. Therefore, we reverse.

**FACTS**

In May 2025, appellant Michelle Rodriguez (tenant) signed an agreement to lease an apartment owned by respondent Hegenes Properties LLC (landlord). As relevant here, section 1.6 of the lease agreement provides that, "[a]n apartment is reserved only when an approved application and full security deposit are received. Until then, it remains available for rent." Additionally, section 2.5 of the lease, entitled "apartment access," states that the landlord "will not provide keys or access until the security deposit and first month's rent are paid in full, the lease is signed by all renters and countersigned by management, and proof of renter's insurance is provided." The only money that tenant paid to landlord was

2

a $45 application fee in April 2025. Tenant never paid the security deposit or rent and never moved into the apartment.

In August 2025, landlord brought an eviction action seeking to evict tenant for nonpayment of rent pursuant to Minnesota Statutes section 504B.291.

In September 2025, the parties attended a first appearance hearing. At the hearing, landlord stated that it learned that morning from tenant's counsel that tenant "never lived in the property." Landlord contended that a trial was unnecessary because tenant was "no longer in possession" of the premises and "simply ask[ed] for a judgment for possession as of [the day of the hearing]." Tenant requested a trial, and the district court granted her request.

Following the first appearance, tenant filed an answer to the eviction complaint. Tenant argued that there was "[n]o current tenancy" and that she "does not have—and has never had—possession of the property." Tenant also filed a motion to dismiss the eviction action. As relevant on appeal, she argued that the district court lacked subject-matter jurisdiction over the action because she "neither has possession of nor [has] access to the property." The district court denied tenant's motion to dismiss, reasoning that, because a lease was in place, tenant could bring a lockout action against landlord unless landlord evicted tenant. The matter proceeded to trial.

At trial, the district court received the lease as the only exhibit, and tenant was the sole witness. Tenant provided the following testimony:

> LANDLORD'S COUNSEL: [Tenant], have you paid any rent
> to the landlord for the property?
> TENANT: No.

3

LANDLORD'S COUNSEL: And you did sign the lease?
TENANT: Yes.

. . . .

TENANT'S COUNSEL: [Tenant], did you ever move into the
property?
TENANT: No.

TENANT'S COUNSEL: Did you ever take possession of the
property?
TENANT: No.

Landlord argued that the facts were undisputed that tenant signed a lease with a monthly rental obligation and that landlord was entitled to an eviction judgment for recovery of the premises. Landlord further argued that, to the extent that tenant does not live at the premises, it was entitled to an eviction judgment. Tenant argued that, because she did "not have proper possession" of the premises, landlord could not evict her from that premises.

The district court found: "Landlord has proven there's a lease that the [tenant] signed. The [tenant] admitted never having paid rent on that. There was no evidence that the lease was terminated, and, regardless of occupancy, that lease created both rights and obligations."

In September 2025, the district court issued its findings of fact, conclusions of law, and order for judgment. The order included a memorandum that stated in pertinent part:

> Even though [tenant] did not take physical occupancy of the property, the case of [*Cocchiarella v. Driggs*, 884 N.W.2d 621, 628 (Minn. 2016)], holds that a person is a residential tenant even if they have "present legal right of occupancy" of the property. And here, *because [tenant] did sign the lease, she*

4

*had the present legal right to occupy the property.* (Emphasis added.)

The district court found that tenant had not paid rent for May 2025 through September 2025 and entered judgment for landlord to recover the premises.

This appeal follows.

## ISSUES

I.     Did the district court err by denying tenant's motion to dismiss the eviction action for lack of subject-matter jurisdiction?

II.    Did the district court err by entering a judgment for recovery of the premises in favor of landlord?

## ANALYSIS

Tenant challenges the district court's denial of her motion to dismiss the eviction action and its entry of judgment for recovery of the premises in favor of landlord. Tenant advances three arguments on appeal. First, she contends the district court erred by denying her motion to dismiss because the district court lacked subject-matter jurisdiction, as tenant never had possession of the premises. Next, she argues the district court erred by relying on *Cocchiarella* to conclude that a tenant's legal right to possession is sufficient to establish possession for purposes of entering an eviction judgment for recovery of the premises in favor of landlord. Finally, she asserts that even if a tenant's legal right to possession is sufficient to establish possession for purposes of entering an eviction judgment for recovery of the premises, the lease agreement did not give her a legal right to possession. We address each argument in turn.

**I.** **The district court did not err by denying tenant's motion to dismiss the eviction action for lack of subject-matter jurisdiction.**

Tenant argues that the district court erred by denying her motion to dismiss the eviction action for lack of subject-matter jurisdiction because she "never occupied or took possession of the premises." We disagree.

"Subject matter jurisdiction refers to a court's authority to hear and determine cases that are presented to it. Whether a court has subject matter jurisdiction generally depends on the scope of the constitutional and statutory grant of authority to the court." *Rued v. Comm'r of Hum. Servs.*, 13 N.W.3d 42, 46 (Minn. 2024) (quotation and citations omitted). "Subject matter jurisdiction cannot be conferred by consent of the parties, it cannot be waived, and it can be raised at any time in the proceeding." *Tischer v. Hous. & Redevelopment Auth. of Cambridge*, 693 N.W.2d 426, 430 (Minn. 2005). "Whether subject-matter jurisdiction exists presents a question of law, which we review de novo." *Anderson v. County of Lyon*, 784 N.W.2d 77, 80 (Minn. App. 2010), *rev. denied* (Minn. Aug. 24, 2010). We also review the denial of a motion to dismiss de novo. *See Cruz-Guzman v. State*, 916 N.W.2d 1, 7 (Minn. 2018).

"Our state constitution provides a broad grant of subject matter jurisdiction to the district court, providing that '[t]he district court has original jurisdiction in all civil and criminal cases.'" *In re Civ. Commitment of Giem*, 742 N.W.2d 422, 429 (Minn. 2007) (alteration in original) (quoting Minn. Const. art. VI, § 3). Prior to 1971, municipal courts had subject-matter jurisdiction over eviction actions. *See Sternaman v. Hall*, 411 N.W.2d 18, 19 (Minn. App. 1987); *State v. Harris*, 667 N.W.2d 911, 913-14 (Minn. 2003) (stating

that "the legislature abolished most municipal courts in favor of county courts" in 1971); *see also AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445 (Minn. App. 2001) (stating that "the scope of [eviction] proceedings originated with the limited jurisdiction of municipal courts that once heard [eviction] actions").[1] Now, district courts hear eviction actions. *Fraser*, 642 N.W.2d at 40; *see also Real Est. Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 357 (Minn. App. 2006) (noting removal of "title-related and equity-related jurisdictional limitations of the tribunals hearing [eviction actions]" and that "any current limitation on the scope of eviction proceedings is a function of the summary nature of the proceeding, *not* a limit on the ability of the court to 'hear and determine' the action").

By statute, "[a] landlord may bring an eviction action for nonpayment of rent." Minn. Stat. § 504B.291, subd. 1(a). We previously recognized that district courts have subject-matter jurisdiction over eviction actions. *See Real Est. Equity Strategies, LLC*, 720 N.W.2d at 355-56. Tenant's defense that she did not possess the premises does not deprive the district court of subject-matter jurisdiction. *Cf.* Minn. Stat. § 504B.321, subd. 1(b)(2024) (providing that failure to include "full name and date of birth" of defendant-tenant "does not deprive the court of jurisdiction" over eviction action); *Real Est. Equity Strategies, LLC*, 720 N.W.2d at 355-58 (holding that defendant-tenant's

---

[1] "The present statutory provisions for an eviction action replaced those that previously authorized an 'unlawful detainer' action." *Fraser v. Fraser*, 642 N.W.2d 34, 40 (Minn. App. 2002). In accordance with the present statutory language, we use the term "eviction." When quoting caselaw that predates the change in terminology, we replace "unlawful detainer" with "eviction" for clarity.

statutory challenge to plaintiff-landlord's title in eviction action "does not deprive the district court of subject-matter jurisdiction to hear the eviction proceeding"). Thus, the district court had subject-matter jurisdiction over this eviction action and did not err by denying tenant's motion to dismiss.

**II.      The district court erred by entering judgment for recovery of the premises in favor of landlord.**

In an appeal from an eviction judgment, we review the district court's factual findings for clear error and its legal conclusions de novo. *See Nationwide Hous. Corp. v. Skoglund*, 906 N.W.2d 900, 907 (Minn. App. 2018), *rev. denied* (Minn. Mar. 28, 2018).

Here, tenant argues that the district court erred by entering an eviction judgment for recovery of the premises on two grounds. First, tenant contends that the district court improperly relied on *Cocchiarella* to conclude that a tenant's present legal right to possession is sufficient to establish possession for purposes of entering an eviction judgment for recovery of the premises. Second, tenant asserts that she never had physical possession of the premises and that the lease agreement did not give her a legal right to possession. To resolve this dispute, we first consider the type of possession required under section 504B.291, when read alongside Minnesota Statutes section 504B.001, subdivision 4 (2024). We then determine what is necessary for a district court to enter judgment for recovery of the premises in favor of a landlord under Minnesota Statutes section 504B.345 (2024). From there, we consider whether the landlord established the possession required for the district court to enter judgment for recovery of the premises.

8

**A.** **"Possession," as referenced in Minnesota Statute section 504B.001, subdivision 4, requires that a tenant either be in actual possession of the premises or hold a present legal right to possess the premises.**

Tenant argues that the district court erred by finding that she was in possession of the premises because she was a residential tenant with a "present legal right to occupancy" and by entering an eviction judgment for recovery of the premises in favor of a landlord under Minnesota Statutes section 504B.345. This appeal presents a question of statutory interpretation regarding the circumstances under which a landlord has demonstrated that a tenant possesses the premises so as to permit recovery of the premises under Minnesota Statutes section 504B.345.

"A landlord may bring an eviction action for nonpayment of rent." Minn. Stat. § 504B.291, subd. 1. To do so, the landlord must file a complaint "describing the premises for which *possession* is claimed" and stating the facts authorizing "recovery of *possession*." Minn. Stat. § 504B.321, subd. 1 (2024) (emphasis added). Minnesota Statutes section 504B.001, subdivision 4, defines "eviction" as "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law set out in [chapter 504B]." In an action under section 504B.291, "the tenant may, at any time before *possession* has been delivered, redeem the tenancy and be restored to *possession* by paying to the landlord or bringing to court the amount of the rent that is in arrears . . . and by performing any other covenants of the lease." Minn. Stat. § 504B.291, subd. 1 (emphasis added). If the court finds for the plaintiff it "shall immediately enter judgment that the plaintiff shall have recovery of the premises." Minn. Stat. § 504B.345, subd. 1(a).

Read together, these provisions confirm that possession is the central interest at issue throughout the eviction statutory scheme, and that the remedy of recovery of the premises turns on the parties' possessory rights. As such, tenant's argument requires us to interpret the term "possession." This court reviews questions of statutory interpretation de novo. *Lee v. Lee*, 775 N.W.2d 631, 637 (Minn. 2009). The goal of statutory interpretation is to "ascertain and effectuate the intention of the Legislature." *Marks v. Comm'r of Revenue*, 875 N.W.2d 321, 324 (Minn. 2016). "[W]e give words and phrases their plain and ordinary meaning" and "read the statute as a whole and give effect to all of its provisions." *Graphic Commc'ns Loc. 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 850 N.W.2d 682, 689 (Minn. 2014). If the statute is clear, we enforce its plain meaning. *Id.* To determine a statute's plain meaning, we construe its "words and phrases according to the rules of grammar and their common and approved usage." *Jones v. Borchardt*, 775 N.W.2d 646, 647 (Minn. 2009); *see also* Minn. Stat. § 645.08(1) (2024).

Eviction proceedings are limited in scope. *NY Props., LLC v. Schuette*, 977 N.W.2d 862, 865 (Minn. App. 2022). Minnesota appellate courts repeatedly state that the issue to be adjudicated in an eviction action is "the right to present possession." *Dahlberg v. Young*, 42 N.W.2d 570, 576 (Minn. 1950); *see also Deutsche Bank Nat'l Tr. Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014) ("Eviction actions are summary proceedings that are intended to adjudicate only the limited question of present possessory rights to the property."); *Fed. Home Loan Mortg. Corp. v. Mitchell*, 862 N.W.2d 67, 72 (Minn. App. 2015) (stating eviction actions are summary proceedings that are intended to adjudicate on

10

the limited questions of present possessory rights to the property), *rev. denied* (Minn. June 30, 2015).

The pleading requirements and burden of proof in eviction actions similarly underscore the centrality of possession. "[I]n an eviction action, the plaintiff-landlord must plead and prove facts showing the defendant-tenant is in unlawful *possession* of the property." *NY Props., LLC*, 977 N.W.2d at 866 (emphasis added); *see also Mac-Du Props. v. LaBresh*, 392 N.W.2d 315, 317 (Minn. App. 1986) (same), *rev. denied* (Minn. Oct. 29, 1986). "Where the plaintiff shows defendant in *possession* under a lease, and failure to pay the stipulated rent, their cause of action under the [eviction] statute [for nonpayment of rent] is complete." *Leifman v. Percansky*, 243 N.W. 446, 447-48 (Minn. 1932) (emphasis added).

With that framework in mind, we turn to the parties' arguments. Tenant contends that the district court erred by concluding she was a residential tenant subject to an eviction judgment for recovery of the premises. Landlord, relying on *Cocchiarella*, argues that tenant had a present legal right to possess the premises and therefore qualified as a residential tenant for purposes of the eviction action.

In *Cocchiarella*, Cocchiarella entered into an oral lease with Driggs for an apartment owned by Driggs. 884 N.W.2d at 623-24. Cocchiarella paid a security deposit and rent for the first month of the tenancy and obtained a co-signer for the lease. *Id.* at 623. However, Driggs refused to provide Cocchiarella with access to the apartment. *Id.* Cocchiarella filed a lockout petition, "seeking possession on the ground that she was unlawfully excluded from the premises." *Id.*; *see also* Minn. Stat. § 504B.375 (2024) (providing cause of action

11

to recover possession of premises for residential tenants unlawfully excluded).[2]   To commence an action under the lockout statute, an individual must be a "residential tenant," which is defined as "a person who is occupying" the premises under a lease.  Minn. Stat. § 504B.001, subd. 12 (2024).  The supreme court held that the phrase "is occupying," as used in the definition of "residential tenant," "incorporates not only physical occupancy, but also the present legal right of occupancy under a lease."  *Cocchiarella*, 884 N.W.2d at 628.  The court concluded that Cocchiarella could pursue a lockout action despite never physically occupying the apartment because the oral lease granted her a present legal right to occupy the premises.  *Id.* at 625, 628.

First, tenant notes that *Cocchiarella* was a lockout case with significantly different facts.  Second, tenant notes that accepting landlord's interpretation would lead to an absurd result because, under this interpretation, a tenant who is facing eviction under section 504B.291 could receive a 14-day pre-eviction notice as required by section 504B.321 (2024), vacate the unit within 14 days, and still be subject to an eviction action because they signed a lease agreement.  As an initial matter, we agree with tenant that there is a distinction between *Cocchiarella*'s analysis of the phrase "is occupying" in determining whether the tenant qualified as a "residential tenant" under section 504B.001, subdivision 12, for purposes of a lockout action under section 504B.375, and our analysis of possession in section 504B.001, subdivision 4, for the purpose of an eviction for

---

[2] Since *Cocchiarella*, Minnesota Statutes section 504B.375 has been amended only to include a provision concerning filing fees.  *See* 2023 Minn. Laws ch. 52, art. 19, § 92, at 1176 (codified at Minn. Stat. § 504B.375, subd. 1(f) (2023).

nonpayment of rent under section 504B.291. Unlike section 504B.375, section 504B.001, subdivision 4, does not use the term "residential tenant."[3]

However, while *Cocchiarella* addressed the meaning of the phrase "is occupying" in determining whether the appellant qualified as a "residential tenant" in the context of section 504B.375, its analysis is instructive in determining the meaning of possession in the context of sections 504B.291 and 504B.001, subdivision 4. In *Cocchiarella*, the supreme court also discussed the formation of the landlord-tenant relationship, explaining that it involves the transfer of possession and occupation of the leased premises. 884 N.W.2d at 625. It further noted that, at common law, a landlord-tenant relationship may be created orally and requires only the transfer of the right to present possession from landlord to tenant. *Id.* at 626; *see also Gates v. Herberger*, 279 N.W. 711, 712 (1938) ("*Any words that show an intention of the lessor to divest himself of the possession, and confer it upon another, but in subordination of his own title, is sufficient*" to create a tenancy (emphasis added)); *State v. Bowman*, 279 N.W. 214, 215 (1938) (stating that a "tenant is one who holds or possesses lands or tenements by any kind of right or title"); *Fisher v. Heller*, 219 N.W. 79, 80 (1928) (indicating that a tenancy was created solely from the payment and acceptance of monthly rent); *Thompson v. Baxter*, 119 N.W. 797, 797-98 (1909) (noting that a tenancy can be created either by a lease agreement or by implication of law). The supreme court further observed that "possession" means "[t]he right under which one may exercise control over something to the exclusion of all others; the continuing exercise of a

_____

[3] Additionally, section 504B.291, under which tenant was evicted, does not reference "residential tenant."

claim to the exclusive use of a material object." *Cocchiarella*, 884 N.W.2d at 626 n.3 (alteration in original) (quoting *Black's Law Dictionary* 1351 (10th ed. 2014)). The supreme court concluded that the phrase "recover possession" in section 504B.001, subdivision 4, "logically includes the legal right to recover possession." *Id.*

Against this backdrop, we conclude that the district court did not err in its analysis that a tenant has possession of a premises if they have a "present legal right of possession." Under Minnesota Statutes section 504B.345, subdivision 1(a), if the district court finds for the plaintiff, it must "immediately enter judgment that the plaintiff shall have recovery of the premises." In an action for nonpayment of rent, a landlord prevails upon showing that the tenant was in possession under a lease and failed to pay rent. *Leifman*, 243 N.W. at 447-48. We hold that an eviction action seeking judgment for recovery of the premises requires that the defendant be in actual possession of the premises or hold a present legal right to possess the premises sought to be recovered. Absent such a showing of actual possession or a present legal right to possession, a district court lacks a sufficient basis to enter judgment for recovery of the premises.

### B. The district court erred by entering judgment for recovery of the premises because landlord failed to show that tenant held a present legal right of possession where a condition precedent to the lease agreement was not satisfied.

Because we conclude that, absent a showing of actual possession or a present legal right to possession, a district court lacks a sufficient basis to enter judgment for recovery of the premises, we next address whether tenant held a present legal right to possession.[4]

---

[4] The parties do not dispute that tenant did not have physical possession of the premises.

Tenant argues that the district court erred by entering judgment for recovery of the premises because the lease agreement never conveyed to her a present legal right to possession, as she did not fulfill a condition precedent of paying the security deposit. Landlord argues that legal right to possession was established upon signing the lease agreement. We agree with tenant.

In determining the parties' rights under a lease agreement, we apply the well-established principle that a lease is a contract and is therefore governed by general principles of contract interpretation. *See Minneapolis Pub. Hous. Auth. v. Lor*, 591 N.W.2d 700, 704 (Minn. 1999) (explaining that "a lease is a form of contract"). "The primary goal of contract interpretation is to determine and enforce the intent of the parties." *Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004). "Unambiguous contract language must be given its plain and ordinary meaning." *Metro. Airports Comm'n v. Noble*, 763 N.W.2d 639, 645 (Minn. 2009). We "consider the context of an entire contract in construing specific provisions." *Harkins v. Grant Park Ass'n*, 972 N.W.2d 381, 388 (Minn. 2022). "The terms of a contract are ambiguous if they are susceptible to more than one reasonable interpretation." *Staffing Specifix, Inc. v. TempWorks Mgmt. Servs., Inc.*, 913 N.W.2d 687, 692 (Minn. 2018). We apply a de novo standard of review to the question of whether a contract is ambiguous. *See SECURA Ins. Co. v. Deere & Co.*, 12 N.W.3d 103, 108 (Minn. App. 2024), *rev. denied* (Minn. Dec. 17, 2024).

Two clauses are central to our analysis. First, the security-deposit clause provides that "[a]n apartment is reserved only when an approved application and full security deposit are received. Until then, it remains available for rent." Second, the access clause states

15

that landlord will not provide keys or access until (1) the security deposit and first month's rent are paid in full, (2) the lease is signed by all renters and countersigned by management, and (3) proof of renter's insurance is provided.

Tenant argues that, because she never paid a security deposit, she has no present legal right to possess the premises. Landlord responds that, because tenant signed the lease, she had the present legal right to possess the premises. We must determine whether the terms of the lease conveyed to tenant present a legal right to possess the premises when she signed the agreement but did not pay a security deposit or "first month's rent."[5]

Because applicable precedent addressing possessory rights of a premises involves leases and tenancies, we first explain the relevance of leases and tenancies to eviction actions. Minnesota Statutes section 504B.001, subdivision 8 (2024), defines "lease" as "an oral or written agreement creating a *tenancy* in real property." (Emphasis added.) A "tenancy," in turn, is "[t]he *possession* or occupancy of land under a *lease*; a *leasehold interest* in real estate." *Black's Law Dictionary* 1773 (12th ed. 2024) (emphasis added); *see also Cocchiarella*, 884 N.W.2d at 626 ("A tenancy is commonly understood to mean the possession or occupancy of lands, buildings, or other property by title, under a lease, or on payment of rent." (emphasis omitted) (quotation omitted)).

---

[5] We focus on the failure to pay a security deposit and the first month's rent because (1) the parties do not dispute that the lease was "countersigned by management," (2) we cannot discern from the record whether tenant obtained renter's insurance, and (3) tenant's argument focuses on the security deposit and rent payment for the first month of tenancy as conditions precedent to obtaining a legal right of possession.

"The very nature of a lease is the granting of some subset of the fee owner's so-called 'bundle of rights.' The property interests, if any, belonging to a lessee therefore depend upon the terms of the lease." *Minn. Sands, LLC v. Cnty. of Winona*, 940 N.W.2d 183, 202 (Minn. 2020) (citations omitted). "Any words that show an intention of the lessor to divest himself of the possession, and confer it upon another, but in subordination of his own title, is sufficient [to create a tenancy]." *Gates*, 279 N.W. at 712. "A transfer of the right to possession of the leased property is the defining feature of a leasehold interest." *Minn. Sands*, 940 N.W.2d at 203; *see also* Restatement (Second) of Prop.: Landlord & Tenant § 1.2 (1977) ("A landlord-tenant relationship exists only if the landlord transfers the right to possession of the leased property."), *cited with approval in Minn. Sands*, 940 N.W.2d at 203. "[T]he right of possession is transferred when the lease agreement gives the tenant control over the property and the power to exclude all others." *Cocchiarella*, 884 N.W.2d at 626. "For the leasehold interest to arise therefore requires a transfer of possession and control." *Minn. Sands*, 940 N.W.2d at 203.

As with any contract, a signature alone does not automatically give rise to all rights and obligations within the contract. Conditions precedent illustrate this principle. "A condition precedent is a contract term that 'calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which [the promisor's] obligation is made to depend.'" *Capistrant v. Lifetouch Nat'l Sch. Studios, Inc.*, 916 N.W.2d 23, 27 (Minn. 2018) (alteration in original) (quoting *Lake Co. v. Molan*, 131 N.W.2d 734, 740 (Minn. 1964)). "A right or interest in land which depends upon a condition precedent does not vest until or unless the condition

17

is performed . . . ." *Hobart v. Kehoe*, 126 N.W. 66, 67 (Minn. 1910). The term "condition precedent" need not be used in a contract to create a condition precedent. *See, e.g.*, *Minn. Laws. Mut. Ins. Co. v. Bradshaw & Bryant L. Off. PLLC*, 19 N.W.3d 206, 220 (Minn. App. 2025) (holding that contract's use of "provided that" created condition precedent), *rev. denied* (Minn. June 17, 2025). Still, "a condition precedent will not be found absent unequivocal language." *Mrozik Const., Inc. v. Lovering Assocs., Inc.*, 461 N.W.2d 49, 52 (Minn. App. 1990).

The language of the lease agreement provisions is unambiguous.[6] Here, the lease agreement unequivocally contains a condition precedent. The security-deposit clause provides that the premises named in the agreement "is reserved *only when* an approved application and full security deposit are received. *Until then*, it remains available for rent." (emphasis added). "When" and "then" indicate points in time at which landlord could no longer lease the premises at issue to someone else. "Only" indicates that, if the stated events did not occur, landlord need not reserve the premises for tenant. *Cf. The Compact Oxford English Dictionary* 1213 (2d ed. 1991) (providing that "only" may indicate "[n]ot before, not till" and explaining that "[o]nly may precede or follow the word or phrase expressing time"). "When" and "until" are frequently found in explanations of the function of conditions precedent. *See, e.g.*, *W.T. Rawleigh Co. v. Hoffman*, 202 N.W. 54, 55 (Minn.

---

[6] Neither tenant nor landlord claims that the lease's terms are ambiguous, but they disagree as to whether the terms conveyed a present right of possession to tenant before tenant paid a security deposit. Because "[a] contract's terms are not ambiguous simply because the parties' interpretations differ," we proceed to "apply general principles of contract construction" to interpret the plain language of the agreement. *Staffing Specifix, Inc.*, 913 N.W.2d at 692; *RAM Mut. Ins. Co. v. Rohde*, 820 N.W.2d 1, 14 (Minn. 2012).

1925) (describing condition precedent at issue as providing "[t]hen, and not until then, both contract and guaranty were accepted by plaintiff").

The terms "only when" and "until then" in the security-deposit clause of the lease allowed landlord to reserve the right to transfer "control over the property and the power to exclude all others" *to someone other than tenant* until the occurrence of "a stipulated event." *Cocchiarella*, 884 N.W.2d at 626; Restatement (Second) of Prop.: Landlord & Tenant § 1.8 cmt. a (1977). The terms show no "intention of the lessor to divest himself of the possession, and confer it upon another" until, as relevant here, tenant paid a security deposit. *Gates*, 279 N.W. at 712. Our conclusion is bolstered by the access clause of the lease agreement, in which landlord stated that it "will not provide keys or access until," as relevant here, the "[s]ecurity deposit and first month's rent are paid in full." Landlord does not contend that tenant paid a security deposit or rent.

Because the lease contains unequivocal language making payment of the full security deposit a condition precedent to the transfer of a legal right to possession, and because the access provision expressly prohibits delivery of keys or entry to the premises until that condition is satisfied, the agreement did not confer a present legal right to possession absent payment. As tenant did not pay the security deposit, tenant did not have a present legal right of possession. And because tenant lacked a present legal right of possession and landlord concedes that tenant never physically possessed the premises, the district court erred by entering an eviction judgment for recovery of the premises.

19

**DECISION**

We conclude that the district court did not err by denying tenant's motion to dismiss the eviction action because tenant's argument that she "never occupied or took possession of the premises" did not deprive the district court of subject-matter jurisdiction. We hold that an eviction action seeking judgment for recovery of the premises requires that a tenant either be in actual possession of the premises or hold a present legal right to possess the premises. Absent such a showing of actual possession or a present legal right to possession, a district court lacks a sufficient basis to enter judgment for recovery of the premises. We further conclude that because the lease agreement unequivocally contains a condition precedent to the transfer of a legal right to possession, and that condition was not satisfied, the lease did not confer a present legal right to possession to tenant. As such, the district court erred by entering the eviction judgment for recovery of the premises because landlord failed to demonstrate that tenant had actual possession or a present legal right to possess the premises. We therefore reverse the eviction judgment and any award of costs and disbursements.

**Reversed.**